## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BENTLEY A. HOLLANDER<br>220 West Rittenhouse Square<br>Apt. 18B<br>Philadelphia, PA  19103 | CIVIL ACTION<br><br>No. _____ |
| Plaintiff/Relator,<br>v. |  |
| TIMEX GROUP USA, INC.  f/k/a<br>TIMEX CORPORATION<br>555 Christian Road<br>Middlebury, CT  06762 |  |
| Defendant. |  |

Plaintiff/Relator, Bentley Hollander ("Hollander"), by his undersigned counsel and for his Complaint against Defendant Timex Group USA, Inc. ("Timex"), avers as follows:

### NATURE OF ACTION

1.      This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.      As set forth in detail below, Timex has violated 35 U.S.C. § 292(a) by, *inter alia*, falsely marking millions of articles with expired patents, as well as using these expired patents in advertising in connection with such articles, all for the purpose of deceiving the public into believing that such articles are covered by this expired patent.

3.      Hollander seeks the imposition of a fine against Timex, one half of which shall be for the use of the United States of America, and the other half of which shall go to Hollander pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4.      Hollander is an adult individual who resides at 220 West Rittenhouse Square, Apartment 18B, Philadelphia, Pennsylvania 19103.

5.      Defendant Timex is a Delaware corporation with its principal place of business located at 555 Christian Road, Middlebury, Connecticut 06762.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(c) and 1395(a), because Timex has conducted and continues to conduct business in this judicial district through, *inter alia*, the sale of products which are the subject matter of this Complaint to consumers throughout this judicial district.

8.      Hollander has standing to bring this action as plaintiff under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false patent marking.

## FACTUAL BACKGROUND

I.      **Timex's Operations**

9.      Timex (formerly known as Timex Corporation) is a privately held Delaware corporation engaged in the design, manufacture, and marketing of timepieces and jewelery globally.

10.    Timex's product portfolio includes watches manufactured under several brands: GC, Guess, Marc Ecko, Nautica, Opex, Salvatorre Ferragamo Timepieces, Timex, TX, Valentino Timeless, Versace, Versus and Vincent Bérard.

11.    Upon information and belief, Timex manufactures and sells (or causes to be manufactured and sold) millions of units of its watches in the United States, including within this judicial district, every year.

12.    Upon information and belief, Timex is the largest-selling watchbrand in the United States, distributing its timepieces through more than 100,000 retail outlets throughout the country, including within this judicial district.

13.    Timex's annual revenues, which derive primarily from the sale of watches, are estimated at about $700 million.

14.    Timex is a highly sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States.

15.    According to the assignment records of the U.S. Patent and Trademark Office, Timex is the assignee of record of hundreds of patents and patent applications.

## II.    Timex's Indiglo Patents

16.    In 1992, Timex introduced the Indiglo® watch that glowed at the push of a button.

17.    The Indiglo® watch had an electroluminescent dial made of zinc sulfide and copper that other companies had used on clocks, though Timex was the first to adapt it to wristwatches.

18.    Indiglo® electroluminescence has been used by Timex or its licensees for other devices such as clock radios, electronic personal organizers, and nightlights.

19.    On its corporate website, Timex describes Indiglo® as "[a] patented lighting system that uniformly illuminates the entire watch dial for ease in telling time in low light conditions. Timex's Indiglo lighting system is based on electroluminescence – a phenomenon associated with certain materials which convert electrical excitation into visible light."

20.    Timex is the most recent assignee of record for several patents directed to electroluminescent technology including the following:

- U.S. Patent No. 4,527,096, entitled "DRIVE CIRCUIT FOR CAPACITIVE ELECTROLUMINESCENT PANELS" (filed on February 8, 1984; issued on July 2, 1985) ("the '096 Patent," a true and correct copy of which is attached hereto as Exhibit "A");

- U.S. Patent No. 4,775,964, entitled "ELECTROLUMINESCENT DIAL FOR AN ANALOG WATCH AND PROCESS FOR MAKING IT" (filed on January 11, 1988; issued on October 4, 1988) ("the '964 Patent," a true and correct copy of which is attached hereto as Exhibit "B"); and

- U.S. Patent No. 4,912,688, entitled "AUTOMATIC DISPLAY ILLUMINATION FOR A MULTIMODE WRISTWATCH" (filed on August 11, 1989; issued on March 27, 1990) ("the '688 Patent," a true and correct copy of which is attached hereto as Exhibit "C").

21.     Since 1992 and continuing through to the present, Timex has marked, or caused to be marked, millions of products with one or more of the '096 Patent, the '964 Patent, and the '688 Patent.

21.     Timex knows or reasonably should know of the requirements and provisions of 35 U.S.C. § 292.

22.     Timex knows or reasonably should know that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

23.     Timex knows or reasonably should know that all patents, including the the '096 Patent, the '964 Patent, and the '688 Patent, have a limited duration.

24.     The '096 Patent expired on February 4, 2004.

25.     The '964 Patent expired on January 11, 2008.

26.     The '688 Patent expired on August 11, 2009.

## III.    Timex's False Marking of Patent 4,527,096

27.     Notwithstanding the fact that the '096 Patent expired on February 4, 2004, Timex has marked or has caused to be marked, and currently marks or causes to be marked, several dozen different products with the '096 Patent that it has sold and continues to sell to the general consuming public throughout the United States, including in this judicial district.

28.    Since February 4, 2004, Timex has marked or caused to be marked, and continues to mark or causes to be marked, the '096 Patent on at least the following products directly or on the instructional and/or promotional materials thereof:

a.    1440 Sports
b.    Adventure Tech Digital Compass
c.    Analog Chronograph
d.    Atlantis 100
e.    Aviator Combo
f.    Bodylink: Full-Size
g.    Bodylink: Mid-Size
h.    Bodylink: Trail-Runner
i.    Camper Manual
j.    Chrono/Alarm/Timer
k.    Classic Analog
l.    Data Link USB
m.    Digital Compass
n.    Digital-Analog Combo
o.    Dive Casual
p.    Dive Performance
q.    Dive Chronograph
r.    Easy Trainer HRM
s.    E-Compass
t.    E-Tide Temp
u.    E-Tide Temp Compass
v.    Expedition
w.    Handheld Stopwatch
x.    Humvee
y.    iControl
z.    Iron Kids
aa.    Ironman Combo (large digital display)
bb.    Ironman Dress Chronograph
cc.    Ironman Triathlon 100-Lap
dd.    Ironman Triathlon 10-Lap
ee.    Ironman Triathlon 150-Lap Sleek
ff.    Ironman Triathlon 30-Lap
gg.    Ironman Triathlon 30-Lap w/ FLIX
hh.    Ironman Triathlon 50-Lap
ii.    Ironman Triathlon 50-Lap Sleek
jj.    Ironman Triathlon 50-Lap Solar Dual-Tech
kk.    Ironman Triathlon 50-Lap Solar Shock
ll.    Ironman Triathlon 75-Lap Sleek (OVA)
mm.    Ironman Triathlon 8-Lap
nn.    Marathon

oo.     Perpetual Calendar
pp.     Personal Trainer HRM
qq.     Pulse Timing Analog
rr.     Race Trainer HRM
ss.     Reef Gear
tt.     Road Trainer HRM
uu.     Rugged Field and Trail Series Analog
vv.     Rugged Field and Trail Series Chronograph
ww.     Stealth
xx.     Target Trainer HRM
yy.     Time Teacher Analog
zz.     Timex Kids Analog
aaa.    Timex Kids Digital
bbb.    TMX
ccc.    Women's Field
ddd.    Zone Trainer HRM
eee.    Zulu Time

29.     Upon information and belief, since February 4, 2004, Timex has manufactured and sold, or has caused to be manufactured and sold, millions of articles marked with the '096 Patent throughout the United States, including within this judicial district.

30.     None of Timex's products marked with the '096 Patent since February 4, 2004, have been covered by the '096 Patent.

31.     Since February 4, 2004, Timex could not have had any reasonable belief that the products it marked and continues to mark with the '096 Patent were covered by the '096 Patent.

32.     Upon information and belief, Timex knew or reasonably should have known that the products it marked and continues to mark with the '096 Patent since February 4, 2004 were marked with an expired patent.

33.     Despite the expiration of the '096 Patent, Timex has continued and continues to mark the products listed in paragraph 28 above with the '096 Patent.

34.    Upon information and belief, Timex has marked, and continues to mark, its products with the '096 Patent after its date of expiration for the purpose of deceiving the public into believing that such products are covered by the '096 Patent.

35.    Upon information and belief, notwithstanding its expiration, Timex has used, and continues to use, the '096 Patent in its advertising for the purpose of deceiving the public into believing that such products are covered by the '096 Patent.

36.    By marking and continuing to mark articles with the '096 Patent since February 4, 2004 without a reasonable belief that such articles could have been covered by the '096 Patent, and by using the '096 Patent in advertising in connection with such articles, Timex has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

## IV.    Timex's False Marking of Patent 4,775,964

37.    Notwithstanding the fact that the '964 Patent expired on January 11, 2008, Timex has marked or has caused to be marked, and currently marks or causes to be marked, dozens of different products with the '964 Patent that it sold and continues to sell to the general consuming public throughout the United States, including in this judicial district.

38.    Since January 11, 2008, Timex has marked or caused to be marked, and continues to mark or causes to be marked, the '964 Patent on at least the following products, directly or on the instructional and/or promotional materials thereof:

    a.    1440 Sports
    b.    Adventure Tech Digital Compass
    c.    Analog Chronograph
    d.    Atlantis 100
    e.    Aviator Combo

f.    Bodylink: Full-Size
g.    Bodylink: Mid-Size
h.    Bodylink: Trail-Runner
i.    Camper Manual
j.    Chrono/Alarm/Timer
k.    Classic Analog
l.    Data Link USB
m.    Digital Compass
n.    Digital-Analog Combo
o.    Dive Casual
p.    Dive Performance
q.    Dive Chronograph
r.    Easy Trainer HRM
s.    E-Compass
t.    E-Tide Temp
u.    E-Tide Temp Compass
v.    Expedition
w.    Handheld Stopwatch
x.    Humvee
y.    iControl
z.    Iron Kids
aa.    Ironman Combo (large digital display)
bb.    Ironman Dress Chronograph
cc.    Ironman Triathlon 100-Lap
dd.    Ironman Triathlon 10-Lap
ee.    Ironman Triathlon 150-Lap Sleek
ff.    Ironman Triathlon 30-Lap
gg.    Ironman Triathlon 30-Lap w/ FLIX
hh.    Ironman Triathlon 50-Lap
ii.    Ironman Triathlon 50-Lap Sleek
jj.    Ironman Triathlon 50-Lap Solar Dual-Tech
kk.    Ironman Triathlon 50-Lap Solar Shock
ll.    Ironman Triathlon 75-Lap Sleek (OVA)
mm.    Ironman Triathlon 8-Lap
nn.    Marathon
oo.    Perpetual Calendar
pp.    Personal Trainer HRM
qq.    Pulse Timing Analog
rr.    Race Trainer HRM
ss.    Reef Gear
tt.    Road Trainer HRM
uu.    Rugged Field and Trail Series Analog
vv.    Rugged Field and Trail Series Chronograph
ww.    Stealth
xx.    Target Trainer HRM
yy.    Time Teacher Analog

zz.     Timex Kids Analog
aaa.    Timex Kids Digital
bbb.    TMX
ccc.    Women's Field
ddd.    Zone Trainer HRM
eee.    Zulu Time

39.     Upon information and belief, since January 11, 2008, Timex has manufactured and sold, or has caused to be manufactured and sold, millions of articles marked with the '964 Patent throughout the United States, including within this judicial district.

40.     None of Timex's products marked with the '964 Patent since January 11, 2008 have been covered by the '964 Patent.

41.     Since January 11, 2008, Timex could not have had any reasonable belief that the products it marked and continues to mark with the '964 Patent were covered by the '964 Patent.

42.     Upon information and belief, Timex knew or reasonably should have known that the products it marked with the '964 Patent after January 11, 2008 were marked with an expired patent.

43.     Despite the expiration of the '964 Patent, Timex has continued and continues to mark the products listed in paragraph 37 above with the '964 Patent.

44.     Upon information and belief, Timex has marked, and continues to mark, its products with the '964 Patent after its date of expiration for the purpose of deceiving the public into believing that such products are covered by the '964 Patent.

45.     Upon information and belief, Timex has used, and continues to use, the '964 Patent in its advertising for the purpose of deceiving the public into believing that such products are covered by the '964 Patent.

46.     By marking and continuing to mark articles with the '964 Patent since January 11, 2008, without a reasonable belief that such articles have ever been covered by the '964 Patent, and by using the '964 Patent in advertising in connection with such articles, Timex has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

## V.     Timex's False Marking of Patent 4,912,688

47.     Notwithstanding that the '688 Patent expired on August 11, 2009, Timex has marked or has caused to be marked, and currently marks or causes to be marked, several dozen different products with the '688 Patent that it sold and continues to sell to the general consuming public throughout the United States, including within this judicial district.

48.     Since August 11, 2009, Timex has marked or caused to be marked, and continues to mark or causes to be marked, the '688 Patent on at least the following products, directly or on the instructional and/or promotional materials thereof:

a.     1440 Sports
b.     Adventure Tech Digital Compass
c.     Analog Chronograph
d.     Bodylink: Mid-Size
e.     Chrono/Alarm/Timer
f.     Data Link USB
g.     Digital Compass
h.     Digital-Analog Combo
i.     Dive Chronograph
j.     Fitness Tracker
k.     Handheld Stopwatch
l.     iControl

     m.     Ironman Dress Chronograph
     n.     Ironman Triathlon 10-Lap
     o.     Ironman Triathlon 150-Lap Sleek
     p.     Ironman Triathlon 150-Lap Sleek with TAP-Screen Technology
     q.     Ironman Triathlon 30-Lap
     r.     Ironman Triathlon 30-Lap w/ FLIX
     s.     Ironman Triathlon 50-Lap
     t.     Ironman Triathlon 50-Lap Sleek
     u.     Ironman Triathlon 50-Lap Solar Shock
     v.     Ironman Triathlon 75-Lap Sleek (OVA)
     w.     Rugged Field and Trail Series Chronograph

49.     Upon information and belief, Timex has manufactured and sold, or has caused to be manufactured and sold, millions of articles marked with the '688 Patent throughout the United States, including within this judicial district.

50.     None of Timex's products marked with the '688 Patent since August 11, 2009 have been covered by the '688 Patent.

51.     Since August 11, 2009, Timex could not have had any reasonable belief that the products it marked with the '688 Patent were covered by the '688 Patent.

52.     Upon information and belief, Timex knew or reasonably should have known that the products it marked with the '688 Patent after August 11, 2009 were marked with an expired patent.

53.     Despite the expiration of the '688 Patent, Timex has continued and continues to mark the products listed in paragraph 48 above with the '688 Patent.

54.     Upon information and belief, Timex has marked, and continues to mark, its products with the '688 Patent after its date of expiration for the purpose of deceiving the public into believing that such products are covered by the '688 Patent.

55.    Upon information and belief, Timex has used, and continues to use, the '688 Patent in its advertising for the purpose of deceiving the public into believing that its products manufactured and sold after August 11, 2009 are covered by the '688 Patent.

56.    By marking and continuing to mark articles with the '688 Patent since August 11, 2009 without a reasonable belief that such articles have been covered by the '688 Patent, and by using the '688 Patent in advertising in connection with such articles, Timex has injured the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred honest competition and innovation in competing products.

## COUNT I
## THE '096 PATENT

## FALSE MARKING OF
## 1440 SPORTS WATCH

57.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

58.    Timex manufactures a product identified as the 1440 Sports watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

59.    Since February 4, 2004, Timex has marked and continues to mark each unit of the 1440 Sports watch and/or its accompanying instruction booklet with the '096 Patent.

60.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the 1440 Sports watch manufactured and sold since that date has been covered by the '096 Patent.

61.    Timex knows or reasonably should know that each unit of the 1440 Sports watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

62.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the 1440 Sports watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT II**
**THE '096 PATENT**

**FALSE MARKING OF**
**ADVENTURE TECH DIGITAL COMPASS**

63.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

64.    Timex manufactures and sells a product identified as the Adventure Tech Digital Compass, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

65.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Adventure Tech Digital Compass and/or its accompanying instruction booklet with the '096 Patent.

66.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Adventure Tech Digital Compass manufactured and sold since that date has been covered by the '096 Patent.

67.     Timex knows or reasonably should know that each unit of the Adventure Tech Digital Compass it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

68.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Adventure Tech Digital Compass and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT III**
**THE '096 PATENT**

**FALSE MARKING OF**
**ANALOG CHRONOGRAPH WATCH**

69.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

70.     Timex manufactures and sells a product identified as the Analog Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

71.     Since February 4, 2004, Timex has marked and continues to mark each unit of the Analog Chronograph watch and/or its accompanying instruction booklet with the '096 Patent.

72.     Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Analog Chronograph watch manufactured and sold since that date has been covered by the '096 Patent.

73.    Timex knows or reasonably should know that each unit of the Analog Chronograph watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

74.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Analog Chronograph watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

### COUNT IV
### THE '096 PATENT

### FALSE MARKING OF
### ATLANTIS 100 WATCH

75.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

76.    Timex manufactures and sells a product identified as the Atlantis 100 watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

77.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Atlantis 100 watch and/or its accompanying instruction booklet with the '096 Patent.

78.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Atlantis 100 watch manufactured and sold since that date has been covered by the '096 Patent.

79.    Timex knows or reasonably should know that each unit of the Atlantis 100 watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

80.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Atlantis 100 watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT V
## THE '096 PATENT

### FALSE MARKING OF
### AVIATOR COMBO WATCH

81.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

82.    Timex manufactures and sells a product identified as the Aviator Combo watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

83.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Aviator Combo watch and/or its accompanying instruction booklet with the '096 Patent.

84.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Aviator Combo watch manufactured and sold since that date has been covered by the '096 Patent.

85.    Timex knows or reasonably should know that each unit of the Aviator Combo watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

86.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Aviator Combo watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT VI
## THE '096 PATENT

## FALSE MARKING OF
## <u>BODYLINK: FULL-SIZE WATCH</u>

87.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

88.    Timex manufactures and sells a product identified as the Bodylink: Full-Size watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

89.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Bodylink: Full-Size watch and/or its accompanying instruction booklet with the '096 Patent.

90.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Bodylink: Full-Size watch manufactured and sold since that date has been covered by the '096 Patent.

91.    Timex knows or reasonably should know that each unit of the Bodylink: Full-Size watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

92.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Full-Size watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT VII
## THE '096 PATENT

## FALSE MARKING OF
## BODYLINK: MID-SIZE WATCH

93.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

94.    Timex manufactures and sells a product identified as the Bodylink: Mid-Size watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

95.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Bodylink: Mid-Size watch and/or its accompanying instruction booklet with the '096 Patent.

96.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Bodylink: Mid-Size watch manufactured and sold since that date has been covered by the '096 Patent.

97.    Timex knows or reasonably should know that each unit of the Bodylink: Mid-Size watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

98.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Mid-Size watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT VIII
## THE '096 PATENT

## FALSE MARKING OF
## BODYLINK: TRAIL-RUNNER WATCH

99.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

100.    Timex manufactures and sells a product identified as the Bodylink: Trail-Runner watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

101.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Bodylink: Trail-Runner watch and/or its accompanying instruction booklet with the '096 Patent.

102.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Bodylink: Trail-Runner watch manufactured and sold since that date has been covered by the '096 Patent.

103.    Timex knows or reasonably should know that each unit of the Bodylink: Trail-Runner watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

104.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Trail-Runner watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT IX
## THE '096 PATENT

## FALSE MARKING OF
## CAMPER MANUAL WATCH

105.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

106.     Timex manufactures and sells a product identified as the Camper Manual watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

107.     Since February 4, 2004, Timex has marked and continues to mark each unit of the Camper Manual watch and/or its accompanying instruction booklet with the '096 Patent.

108.     Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Camper Manual watch manufactured and sold since that date has been covered by the '096 Patent.

109.     Timex knows or reasonably should know that each unit of the Camper Manual watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

110.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Camper Manual watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT X**
**THE '096 PATENT**

**FALSE MARKING OF**
**CHRONO/ALARM/TIMER WATCH**

111.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

112.    Timex manufactures and sells a product identified as the Chrono/Alarm/Timer watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

113.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Chrono/Alarm/Timer watch and/or its accompanying instruction booklet with the '096 Patent.

114.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Chrono/Alarm/Timer watch manufactured and sold since that date has been covered by the '096 Patent.

115.    Timex knows or reasonably should know that each unit of the Chrono/Alarm/Timer watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

116.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Chrono/Alarm/Timer watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XI**
**THE '096 PATENT**

**FALSE MARKING OF**
**CLASSIC ANALOG WATCH**

117.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

118.    Timex manufactures and sells a product identified as the Classic Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

119.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Classic Analog watch and/or its accompanying instruction booklet with the '096 Patent.

120.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Classic Analog watch manufactured and sold since that date has been covered by the '096 Patent.

121.    Timex knows or reasonably should know that each unit of the Classic Analog watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

122.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Classic Analog watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XII**
**THE '096 PATENT**

**FALSE MARKING OF**
**DATA LINK USB WATCH**

123.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

124.    Timex manufactures and sells a product identified as the Data Link USB watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

125.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Data Link USB watch and/or its accompanying instruction booklet with the '096 Patent.

126.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Data Link USB watch manufactured and sold since that date has been covered by the '096 Patent.

127.    Timex knows or reasonably should know that each unit of the Data Link USB watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

128.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Data Link USB watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XIII
## THE '096 PATENT

## FALSE MARKING OF
## DIGITAL COMPASS WATCH

129.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

130.    Timex manufactures and sells a product identified as the Digital Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

131.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Digital Compass watch and/or its accompanying instruction booklet with the '096 Patent.

132.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Digital Compass watch manufactured and sold since that date has been covered by the '096 Patent.

133.    Timex knows or reasonably should know that each unit of the Digital Compass watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

134.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Digital Compass watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XIV
## THE '096 PATENT

## FALSE MARKING OF
## DIGITAL-ANALOG COMBO WATCH

135.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

136.     Timex manufactures and sells a product identified as the Digital-Analog Combo watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

137.     Since February 4, 2004, Timex has marked and continues to mark each unit of the Digital-Analog Combo watch and/or its accompanying instruction booklet with the '096 Patent.

138.     Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Digital-Analog Combo watch manufactured and sold since that date has been covered by the '096 Patent.

139.     Timex knows or reasonably should know that each unit of the Digital-Analog Combo watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

140.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Digital-Analog Combo watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XV
## THE '096 PATENT

## FALSE MARKING OF
## <u>DIVE CASUAL WATCH</u>

141.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

142.    Timex manufactures and sells a product identified as the Dive Casual watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

143.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Dive Casual watch and/or its accompanying instruction booklet with the '096 Patent.

144.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Dive Casual watch manufactured and sold since that date has been covered by the '096 Patent.

145.    Timex knows or reasonably should know that each unit of the Dive Casual watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

146.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Casual watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XVI
## THE '096 PATENT

## FALSE MARKING OF
## <u>DIVE PERFORMANCE WATCH</u>

147.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

148.    Timex manufactures and sells a product identified as the Dive Performance watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

149.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Dive Performance watch and/or its accompanying instruction booklet with the '096 Patent.

150.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Dive Performance watch manufactured and sold since that date has been covered by the '096 Patent.

151.    Timex knows or reasonably should know that each unit of the Dive Performance watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

152.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Performance watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XVII
## THE '096 PATENT

## FALSE MARKING OF
## <u>DIVE CHRONOGRAPH WATCH</u>

153.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

154.    Timex manufactures and sells a product identified as the Dive Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

155.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Dive Chronograph watch and/or its accompanying instruction booklet with the '096 Patent.

156.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Dive Chronograph watch manufactured and sold since that date has been covered by the '096 Patent.

157.    Timex knows or reasonably should know that each unit of the Dive Chronograph watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

158.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Chronograph watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XVIII
## THE '096 PATENT

## FALSE MARKING OF
## EASY TRAINER HRM WATCH

159.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

160.     Timex manufactures and sells a product identified as the Easy Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

161.     Since February 4, 2004, Timex has marked and continues to mark each unit of the Easy Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent.

162.     Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Easy Trainer HRM watch manufactured and sold since that date has been covered by the '096 Patent.

163.     Timex knows or reasonably should know that each unit of the Easy Trainer HRM watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

164.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Easy Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XIX**
**THE '096 PATENT**

**FALSE MARKING OF**
**E-COMPASS WATCH**

165.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

166.    Timex manufactures and sells a product identified as the E-Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

167.    Since February 4, 2004, Timex has marked and continues to mark each unit of the E-Compass watch and/or its accompanying instruction booklet with the '096 Patent.

168.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the E-Compass watch manufactured and sold since that date has been covered by the '096 Patent.

169.    Timex knows or reasonably should know that each unit of the E-Compass watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

170.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the E-Compass watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XX**
**THE '096 PATENT**

**FALSE MARKING OF**
**E-TIDE TEMP WATCH**

171.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

172.    Timex manufactures and sells a product identified as the E-Tide Temp watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

173.    Since February 4, 2004, Timex has marked and continues to mark each unit of the E-Tide Temp watch and/or its accompanying instruction booklet with the '096 Patent.

174.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the E-Tide Temp watch manufactured and sold since that date has been covered by the '096 Patent.

175.    Timex knows or reasonably should know that each unit of the E-Tide Temp watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

176.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the E-Tide Temp watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXI
## THE '096 PATENT

## FALSE MARKING OF
## <u>E-TIDE TEMP COMPASS WATCH</u>

177.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

178.    Timex manufactures and sells a product identified as the E-Tide Temp Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

179.    Since February 4, 2004, Timex has marked and continues to mark each unit of the E-Tide Temp Compass watch and/or its accompanying instruction booklet with the '096 Patent.

180.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the E-Tide Temp Compass watch manufactured and sold since that date has been covered by the '096 Patent.

181.    Timex knows or reasonably should know that each unit of the E-Tide Temp Compass watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

182.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the E-Tide Temp Compass watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXII
## THE '096 PATENT

## FALSE MARKING OF
## <u>EXPEDITION WATCH</u>

183.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

184.    Timex manufactures and sells a product identified as the Expedition watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

185.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Expedition watch and/or its accompanying instruction booklet with the '096 Patent.

186.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Expedition watch manufactured and sold since that date has been covered by the '096 Patent.

187.    Timex knows or reasonably should know that each unit of the Expedition watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

188.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Expedition watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXIII**
**THE '096 PATENT**

**FALSE MARKING OF**
**HANDHELD STOPWATCH**

189.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

190.    Timex manufactures and sells a product identified as the Handheld Stop, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

191.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Handheld Stopwatch and/or its accompanying instruction booklet with the '096 Patent.

192.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Handheld Stopwatch manufactured and sold since that date has been covered by the '096 Patent.

193.    Timex knows or reasonably should know that each unit of the Handheld Stopwatch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

194.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Handheld Stopwatch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXIV**
**THE '096 PATENT**

**FALSE MARKING OF**
**HUMVEE WATCH**

195.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

196.    Timex manufactures and sells a product identified as the Humvee watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

197.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Humvee watch and/or its accompanying instruction booklet with the '096 Patent.

198.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Humvee watch manufactured and sold since that date has been covered by the '096 Patent.

199.    Timex knows or reasonably should know that each unit of the Humvee watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

200.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Humvee watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXV**
**THE '096 PATENT**

**FALSE MARKING OF**
**iCONTROL WATCH**

201.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

202.    Timex manufactures and sells a product identified as the iControl watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

203.    Since February 4, 2004, Timex has marked and continues to mark each unit of the iControl watch and/or its accompanying instruction booklet with the '096 Patent.

204.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the iControl watch manufactured and sold since that date has been covered by the '096 Patent.

205.    Timex knows or reasonably should know that each unit of the iControl watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

206.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the iControl watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXVI**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRON KIDS WATCH**

207.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

208.    Timex manufactures and sells a product identified as the Iron Kids watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

209.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Iron Kids watch and/or its accompanying instruction booklet with the '096 Patent.

210.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Iron Kids watch manufactured and sold since that date has been covered by the '096 Patent.

211.    Timex knows or reasonably should know that each unit of the Iron Kids watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

212.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Iron Kids watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXVII**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN COMBO (LARGE DIGITAL DISPLAY) WATCH**

213.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

214.    Timex manufactures and sells a product identified as the Ironman Combo (large digital display) watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

215.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Combo (large digital display) watch and/or its accompanying instruction booklet with the '096 Patent.

216.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Combo (large digital display) watch manufactured and sold since that date has been covered by the '096 Patent.

217.    Timex knows or reasonably should know that each unit of the Ironman Combo (large digital display) watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

218.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Combo (large digital display) watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXVIII**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN DRESS CHRONOGRAPH WATCH**

219.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

220.     Timex manufactures and sells a product identified as the Ironman Dress Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

221.     Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Dress Chronograph watch and/or its accompanying instruction booklet with the '096 Patent.

222.     Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Dress Chronograph watch manufactured and sold since that date has been covered by the '096 Patent.

223.     Timex knows or reasonably should know that each unit of the Ironman Dress Chronograph watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

224.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Dress Chronograph watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXIX
## THE '096 PATENT

## FALSE MARKING OF
## <u>IRONMAN TRIATHLON 100-LAP WATCH</u>

225.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

226.    Timex manufactures and sells a product identified as the Ironman Triathlon 100-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

227.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 100-Lap watch and/or its accompanying instruction booklet with the '096 Patent.

228.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 100-Lap watch manufactured and sold since that date has been covered by the '096 Patent.

229.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 100-Lap watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

230.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 100-Lap watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXX**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 10-LAP WATCH**

231.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

232.    Timex manufactures and sells a product identified as the Ironman Triathlon 10-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

233.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 10-Lap watch and/or its accompanying instruction booklet with the '096 Patent.

234.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 10-Lap watch manufactured and sold since that date has been covered by the '096 Patent.

235.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 10-Lap watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

236.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 10-Lap watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXXI
## THE '096 PATENT

## FALSE MARKING OF
## <u>IRONMAN TRIATHLON 150-LAP WATCH</u>

237.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

238.    Timex manufactures and sells a product identified as the Ironman Triathlon 150-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

239.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 150-Lap watch and/or its accompanying instruction booklet with the '096 Patent.

240.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 150-Lap watch manufactured and sold since that date has been covered by the '096 Patent.

241.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 150-Lap watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

242.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 150-Lap watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXXII
## THE '096 PATENT

## FALSE MARKING OF
## IRONMAN TRIATHLON 30-LAP WATCH

243.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

244.    Timex manufactures and sells a product identified as the Ironman Triathlon 30-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

245.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 30-Lap watch and/or its accompanying instruction booklet with the '096 Patent.

246.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 30-Lap watch manufactured and sold since that date has been covered by the '096 Patent.

247.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 30-Lap watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

248.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 30-Lap watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXXIII**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 30-LAP WITH FLIX WATCH**

249.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

250.    Timex manufactures and sells a product identified as the Ironman Triathlon 30-Lap With FLIX watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

251.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 30-Lap With FLIX watch and/or its accompanying instruction booklet with the '096 Patent.

252.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 30-Lap With FLIX watch manufactured and sold since that date has been covered by the '096 Patent.

253.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 30-Lap With FLIX watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

254.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 30-Lap With FLIX watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXXIV
## THE '096 PATENT

## FALSE MARKING OF
## IRONMAN TRIATHLON 50-LAP WATCH

255.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

256.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

257.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap watch and/or its accompanying instruction booklet with the '096 Patent.

258.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 50-Lap watch manufactured and sold since that date has been covered by the '096 Patent.

259.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

260.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXXV**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP SLEEK WATCH**

261.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

262.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Sleek watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

263.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Sleek watch and/or its accompanying instruction booklet with the '096 Patent.

264.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 50-Lap Sleek watch manufactured and sold since that date has been covered by the '096 Patent.

265.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Sleek watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

266.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Sleek watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XXXVI
## THE '096 PATENT

### FALSE MARKING OF
### IRONMAN TRIATHLON 50-LAP SOLAR DUAL-TECH WATCH

267.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

268.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Solar Dual-Tech watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

269.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Solar Dual-Tech watch and/or its accompanying instruction booklet with the '096 Patent.

270.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 50-Lap Solar Dual-Tech watch manufactured and sold since that date has been covered by the '096 Patent.

271.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Solar Dual-Tech watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

272.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Solar Dual-Tech watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXXVII**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP SOLAR SHOCK WATCH**

273.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

274.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Solar Shock watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

275.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Solar Shock watch and/or its accompanying instruction booklet with the '096 Patent.

276.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 50-Lap Solar Shock watch manufactured and sold since that date has been covered by the '096 Patent.

277.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Solar Shock watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

278.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Solar Shock watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXXVIII**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 75-LAP SLEEK (OVA) WATCH**

279.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

280.    Timex manufactures and sells a product identified as the Ironman Triathlon 75-Lap Sleek (OVA) watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

281.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch and/or its accompanying instruction booklet with the '096 Patent.

282.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 75-Lap Sleek (OVA) watch manufactured and sold since that date has been covered by the '096 Patent.

283.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

284.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XXXIX**
**THE '096 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 8-LAP WATCH**

285.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

286.    Timex manufactures and sells a product identified as the Ironman Triathlon 8-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

287.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Ironman Triathlon 8-Lap watch and/or its accompanying instruction booklet with the '096 Patent.

288.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Ironman Triathlon 8-Lap watch manufactured and sold since that date has been covered by the '096 Patent.

289.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 8-Lap watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

290.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 8-Lap watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XL**
**THE '096 PATENT**

**FALSE MARKING OF**
**MARATHON WATCH**

291.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

292.    Timex manufactures and sells a product identified as the Marathon watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

293.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Marathon watch and/or its accompanying instruction booklet with the '096 Patent.

294.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Marathon watch manufactured and sold since that date has been covered by the '096 Patent.

295.    Timex knows or reasonably should know that each unit of the Marathon watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

296.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Marathon watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XLI**
**THE '096 PATENT**

**FALSE MARKING OF**
**PERPETUAL CALENDAR WATCH**

297.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

298.    Timex manufactures and sells a product identified as the Perpetual Calendar watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

299.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Perpetual Calendar watch and/or its accompanying instruction booklet with the '096 Patent.

300.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Perpetual Calendar watch manufactured and sold since that date has been covered by the '096 Patent.

301.    Timex knows or reasonably should know that each unit of the Perpetual Calendar watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

302.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Perpetual Calendar watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XLII**
**THE '096 PATENT**

**FALSE MARKING OF**
**PERSONAL TRAINER HRM WATCH**

303.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

304.    Timex manufactures and sells a product identified as the Personal Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

305.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Personal Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent.

306.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Personal Trainer HRM watch manufactured and sold since that date has been covered by the '096 Patent.

307.    Timex knows or reasonably should know that each unit of the Personal Trainer HRM watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

308.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Personal Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XLIII**
**THE '096 PATENT**

**FALSE MARKING OF**
**PULSE TIMING ANALOG WATCH**

309.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

310.    Timex manufactures and sells a product identified as the Pulse Timing Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

311.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Pulse Timing Analog watch and/or its accompanying instruction booklet with the '096 Patent.

312.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Pulse Timing Analog watch manufactured and sold since that date has been covered by the '096 Patent.

313.    Timex knows or reasonably should know that each unit of the Pulse Timing Analog watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

314.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Pulse Timing Analog watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XLIV**
**THE '096 PATENT**

**FALSE MARKING OF**
**RACE TRAINER HRM WATCH**

315.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

316.    Timex manufactures and sells a product identified as the Race Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

317.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Race Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent.

318.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Race Trainer HRM watch manufactured and sold since that date has been covered by the '096 Patent.

319.    Timex knows or reasonably should know that each unit of the Race Trainer HRM watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

320.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Race Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XLV**
**THE '096 PATENT**

**FALSE MARKING OF**
**REEF GEAR WATCH**

321.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

322.    Timex manufactures and sells a product identified as the Reef Gear watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

323.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Reef Gear watch and/or its accompanying instruction booklet with the '096 Patent.

324.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Reef Gear watch manufactured and sold since that date has been covered by the '096 Patent.

325.    Timex knows or reasonably should know that each unit of the Reef Gear watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

326.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Reef Gear watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT XLVI**
**THE '096 PATENT**

**FALSE MARKING OF**
**ROAD TRAINER HRM WATCH**

327.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

328.    Timex manufactures and sells a product identified as the Road Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

329.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Road Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent.

330.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Road Trainer HRM watch manufactured and sold since that date has been covered by the '096 Patent.

331.    Timex knows or reasonably should know that each unit of the Road Trainer HRM watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

332.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Road Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XLVII
## THE '096 PATENT

## FALSE MARKING OF
## <u>RUGGED FIELD AND TRAIL SERIES ANALOG WATCH</u>

333.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

334.    Timex manufactures and sells a product identified as the Rugged Field and Trail Series Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

335.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Rugged Field and Trail Series Analog watch and/or its accompanying instruction booklet with the '096 Patent.

336.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Rugged Field and Trail Series Analog watch manufactured and sold since that date has been covered by the '096 Patent.

337.    Timex knows or reasonably should know that each unit of the Rugged Field and Trail Series Analog watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

338.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Rugged Field and Trail Series Analog watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XLVIII
## THE '096 PATENT

## FALSE MARKING OF
## RUGGED FIELD AND TRAIL SERIES CHRONOGRAPH WATCH

339.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

340.    Timex manufactures and sells a product identified as the Rugged Field and Trail Series Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

341.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Rugged Field and Trail Series Chronograph watch and/or its accompanying instruction booklet with the '096 Patent.

342.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Rugged Field and Trail Series Chronograph watch manufactured and sold since that date has been covered by the '096 Patent.

343.    Timex knows or reasonably should know that each unit of the Rugged Field and Trail Series Chronograph watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

344.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Rugged Field and Trail Series Chronograph watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT XLIX
## THE '096 PATENT

## FALSE MARKING OF
## <u>STEALTH WATCH</u>

345.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

346.    Timex manufactures and sells a product identified as the Stealth watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

347.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Stealth watch and/or its accompanying instruction booklet with the '096 Patent.

348.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Stealth watch manufactured and sold since that date has been covered by the '096 Patent.

349.    Timex knows or reasonably should know that each unit of the Stealth watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

350.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Stealth watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT L**
**THE '096 PATENT**

**FALSE MARKING OF**
**TARGET TRAINER HRM WATCH**

351.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

352.    Timex manufactures and sells a product identified as the Target Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

353.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Target Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent.

354.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Target Trainer HRM watch manufactured and sold since that date has been covered by the '096 Patent.

355.    Timex knows or reasonably should know that each unit of the Target Trainer HRM watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

356.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Target Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT LI**
**THE '096 PATENT**

**FALSE MARKING OF**
**TIME TEACHER ANALOG WATCH**

357.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

358.    Timex manufactures and sells a product identified as the Time Teacher Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

359.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Time Teacher Analog watch and/or its accompanying instruction booklet with the '096 Patent.

360.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Time Teacher Analog watch manufactured and sold since that date has been covered by the '096 Patent.

361.    Timex knows or reasonably should know that each unit of the Time Teacher Analog watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

362.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Time Teacher Analog watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT LII
## THE '096 PATENT

## FALSE MARKING OF
## TIME TEACHER DIGITAL WATCH

363.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

364.    Timex manufactures and sells a product identified as the Time Teacher Digital watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

365.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Time Teacher Digital watch and/or its accompanying instruction booklet with the '096 Patent.

366.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Time Teacher Digital watch manufactured and sold since that date has been covered by the '096 Patent.

367.    Timex knows or reasonably should know that each unit of the Time Teacher Digital watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

368.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Time Teacher Digital watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT LIII
## THE '096 PATENT

## FALSE MARKING OF
## <u>TMX WATCH</u>

369.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

370.    Timex manufactures and sells a product identified as the TMX watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

371.    Since February 4, 2004, Timex has marked and continues to mark each unit of the TMX watch and/or its accompanying instruction booklet with the '096 Patent.

372.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the TMX watch manufactured and sold since that date has been covered by the '096 Patent.

373.    Timex knows or reasonably should know that each unit of the TMX watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

374.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the TMX watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT LIV**
**THE '096 PATENT**

**FALSE MARKING OF**
**WOMEN'S FIELD WATCH**

375.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

376.    Timex manufactures and sells a product identified as the Women's Field watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

377.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Women's Field watch and/or its accompanying instruction booklet with the '096 Patent.

378.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Women's Field watch manufactured and sold since that date has been covered by the '096 Patent.

379.    Timex knows or reasonably should know that each unit of the Women's Field watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

380.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Women's Field watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

## COUNT LV
## THE '096 PATENT

## FALSE MARKING OF
## <u>ZONE TRAINER HRM WATCH</u>

381.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

382.    Timex manufactures and sells a product identified as the Zone Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

383.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Zone Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent.

384.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Zone Trainer HRM watch manufactured and sold since that date has been covered by the '096 Patent.

385.    Timex knows or reasonably should know that each unit of the Zone Trainer HRM watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

386.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Zone Trainer HRM watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT LVI**
**THE '096 PATENT**

**FALSE MARKING OF**
**ZULU TIME WATCH**

387.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

388.    Timex manufactures and sells a product identified as the Zulu Time watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

389.    Since February 4, 2004, Timex has marked and continues to mark each unit of the Zulu Time watch and/or its accompanying instruction booklet with the '096 Patent.

390.    Because the '096 Patent expired on February 4, 2004, none of Timex's units of the Zulu Time watch manufactured and sold since that date has been covered by the '096 Patent.

391.    Timex knows or reasonably should know that each unit of the Zulu Time watch it has manufactured and sold since February 4, 2004 was not covered by the '096 Patent.

392.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Zulu Time watch and/or its accompanying instruction booklet with the '096 Patent since February 4, 2004 for the purpose of deceiving the public.

**COUNT LVII**
**THE '964 PATENT**

**FALSE MARKING OF**
**1440 SPORTS WATCH**

393.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

394.    Timex manufactures and sells a product identified as the 1440 Sports watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

395.    Since January 11, 2008, Timex has marked and continues to mark each unit of the 1440 Sports watch and/or its accompanying instruction booklet with the '964 Patent.

396.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the 1440 Sports watch manufactured and sold since that date has been covered by the '964 Patent.

397.    Timex knows or reasonably should know that each unit of the 1440 Sports watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

398.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the 1440 Sports watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LVIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**ADVENTURE TECH DIGITAL COMPASS**

399.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

400.    Timex manufactures and sells a product identified as the Adventure Tech Digital Compass.

401.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Adventure Tech Digital Compass with the '964 Patent.

402.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Adventure Tech Digital Compass manufactured and sold since that date has been covered by the '964 Patent.

403.    Timex knows or reasonably should know that each unit of the Adventure Tech Digital Compass it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

404.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Adventure Tech Digital Compass with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LIX**
**THE '964 PATENT**

**FALSE MARKING OF**
**ANALOG CHRONOGRAPH WATCH**

405.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

406.    Timex manufactures and sells a product identified as the Analog Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

407.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Analog Chronograph watch and/or its accompanying instruction booklet with the '964 Patent.

408.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Analog Chronograph watch manufactured and sold since that date has been covered by the '964 Patent.

409.    Timex knows or reasonably should know that each unit of the Analog Chronograph watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

410.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Analog Chronograph watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LX**
**THE '964 PATENT**

**FALSE MARKING OF**
**ATLANTIS 100 WATCH**

411.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

412.    Timex manufactures and sells a product identified as the Atlantis 100 watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

413.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Atlantis 100 watch and/or its accompanying instruction booklet with the '964 Patent.

414.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Atlantis 100 watch manufactured and sold since that date has been covered by the '964 Patent.

415.    Timex knows or reasonably should know that each unit of the Atlantis 100 watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

416.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Atlantis 100 watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXI**
**THE '964 PATENT**

**FALSE MARKING OF**
**AVIATOR COMBO WATCH**

417.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

418.    Timex manufactures and sells a product identified as the Aviator Combo watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

419.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Aviator Combo watch and/or its accompanying instruction booklet with the '964 Patent.

420.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Aviator Combo watch manufactured and sold since that date has been covered by the '964 Patent.

421.    Timex knows or reasonably should know that each unit of the Aviator Combo watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

422.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Aviator Combo watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXII**
**THE '964 PATENT**

**FALSE MARKING OF**
**BODYLINK: FULL-SIZE WATCH**

423.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

424.    Timex manufactures and sells a product identified as the Bodylink: Full-Size watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

425.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Bodylink: Full-Size watch and/or its accompanying instruction booklet with the '964 Patent.

426.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Bodylink: Full-Size watch manufactured and sold since that date has been covered by the '964 Patent.

427.    Timex knows or reasonably should know that each unit of the Bodylink: Full-Size watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

428.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Full-Size watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**BODYLINK: MID-SIZE WATCH**

429.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

430.    Timex manufactures and sells a product identified as the Bodylink: Mid-Size watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

431.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Bodylink: Mid-Size watch and/or its accompanying instruction booklet with the '964 Patent.

432.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Bodylink: Mid-Size watch manufactured and sold since that date has been covered by the '964 Patent.

433.    Timex knows or reasonably should know that each unit of the Bodylink: Mid-Size watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

434.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Mid-Size watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXIV**
**THE '964 PATENT**

**FALSE MARKING OF**
**BODYLINK: TRAIL-RUNNER WATCH**

435.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

436.    Timex manufactures and sells a product identified as the Bodylink: Trail-Runner watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

437.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Bodylink: Trail-Runner watch and/or its accompanying instruction booklet with the '964 Patent.

438.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Bodylink: Trail-Runner watch manufactured and sold since that date has been covered by the '964 Patent.

439.    Timex knows or reasonably should know that each unit of the Bodylink: Trail-Runner watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

440.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Trail-Runner watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXV
## THE '964 PATENT

### FALSE MARKING OF
### CAMPER MANUAL WATCH

441.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

442.    Timex manufactures and sells a product identified as the Camper Manual watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

443.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Camper Manual watch and/or its accompanying instruction booklet with the '964 Patent.

444.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Camper Manual watch manufactured and sold since that date has been covered by the '964 Patent.

445.    Timex knows or reasonably should know that each unit of the Camper Manual watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

446.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Camper Manual watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXVI
## THE '964 PATENT

## FALSE MARKING OF
## CHRONO/ALARM/TIMER WATCH

447.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

448.    Timex manufactures and sells a product identified as the Chrono/Alarm/Timer watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

449.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Chrono/Alarm/Timer watch and/or its accompanying instruction booklet with the '964 Patent.

450.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Chrono/Alarm/Timer watch manufactured and sold since that date has been covered by the '964 Patent.

451.    Timex knows or reasonably should know that each unit of the Chrono/Alarm/Timer watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

452.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Chrono/Alarm/Timer watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXVII
### THE '964 PATENT

### FALSE MARKING OF
### CLASSIC ANALOG WATCH

453.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

454.    Timex manufactures and sells a product identified as the Classic Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

455.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Classic Analog watch and/or its accompanying instruction booklet with the '964 Patent.

456.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Classic Analog watch manufactured and sold since that date has been covered by the '964 Patent.

457.    Timex knows or reasonably should know that each unit of the Classic Analog watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

458.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Classic Analog watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXVIII
## THE '964 PATENT

## FALSE MARKING OF
## <u>DATA LINK USB WATCH</u>

459.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

460.    Timex manufactures and sells a product identified as the Data Link USB watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

461.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Data Link USB watch and/or its accompanying instruction booklet with the '964 Patent.

462.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Data Link USB watch manufactured and sold since that date has been covered by the '964 Patent.

463.    Timex knows or reasonably should know that each unit of the Data Link USB watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

464.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Data Link USB watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXIX**
**THE '964 PATENT**

**FALSE MARKING OF**
**DIGITAL COMPASS WATCH**

465.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

466.     Timex manufactures and sells a product identified as the Digital Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

467.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Digital Compass watch and/or its accompanying instruction booklet with the '964 Patent.

468.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Digital Compass watch manufactured and sold since that date has been covered by the '964 Patent.

469.     Timex knows or reasonably should know that each unit of the Digital Compass watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

470.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Digital Compass watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXX**
**THE '964 PATENT**

**FALSE MARKING OF**
**DIGITAL-ANALOG COMBO WATCH**

471.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

472.     Timex manufactures and sells a product identified as the Digital-Analog Combo watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

473.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Digital-Analog Combo watch and/or its accompanying instruction booklet with the '964 Patent.

474.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Digital-Analog Combo watch manufactured and sold since that date has been covered by the '964 Patent.

475.     Timex knows or reasonably should know that each unit of the Digital-Analog Combo watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

476.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Digital-Analog Combo watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXI**
**THE '964 PATENT**

**FALSE MARKING OF**
**DIVE CASUAL WATCH**

477.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

478.     Timex manufactures and sells a product identified as the Dive Casual watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

479.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Dive Casual watch and/or its accompanying instruction booklet with the '964 Patent.

480.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Dive Casual watch manufactured and sold since that date has been covered by the '964 Patent.

481.     Timex knows or reasonably should know that each unit of the Dive Casual watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

482.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Casual watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXII**
**THE '964 PATENT**

**FALSE MARKING OF**
**DIVE PERFORMANCE WATCH**

483.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

484.    Timex manufactures and sells a product identified as the Dive Performance watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

485.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Dive Performance watch and/or its accompanying instruction booklet with the '964 Patent.

486.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Dive Performance watch manufactured and sold since that date has been covered by the '964 Patent.

487.    Timex knows or reasonably should know that each unit of the Dive Performance watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

488.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Performance watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**DIVE CHRONOGRAPH WATCH**

489.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

490.    Timex manufactures and sells a product identified as the Dive Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

491.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Dive Chronograph watch and/or its accompanying instruction booklet with the '964 Patent.

492.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Dive Chronograph watch manufactured and sold since that date has been covered by the '964 Patent.

493.    Timex knows or reasonably should know that each unit of the Dive Chronograph watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

494.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Chronograph watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXIV**
**THE '964 PATENT**

**FALSE MARKING OF**
**EASY TRAINER HRM WATCH**

495.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

496.    Timex manufactures and sells a product identified as the Easy Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

497.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Easy Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent.

498.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Easy Trainer HRM watch manufactured and sold since that date has been covered by the '964 Patent.

499.    Timex knows or reasonably should know that each unit of the Easy Trainer HRM watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

500.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Easy Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXV**
**THE '964 PATENT**

**FALSE MARKING OF**
**E-COMPASS WATCH**

501.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

502.    Timex manufactures and sells a product identified as the E-Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

503.    Since January 11, 2008, Timex has marked and continues to mark each unit of the E-Compass watch and/or its accompanying instruction booklet with the '964 Patent.

504.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the E-Compass watch manufactured and sold since that date has been covered by the '964 Patent.

505.    Timex knows or reasonably should know that each unit of the E-Compass watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

506.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the E-Compass watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXVI**
**THE '964 PATENT**

**FALSE MARKING OF**
**E-TIDE TEMP WATCH**

507.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

508.     Timex manufactures and sells a product identified as the E-Tide Temp watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

509.     Since January 11, 2008, Timex has marked and continues to mark each unit of the E-Tide Temp watch and/or its accompanying instruction booklet with the '964 Patent.

510.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the E-Tide Temp watch manufactured and sold since that date has been covered by the '964 Patent.

511.     Timex knows or reasonably should know that each unit of the E-Tide Temp watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

512.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the E-Tide Temp watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXXVII
## THE '964 PATENT

## FALSE MARKING OF
## E-TIDE TEMP COMPASS WATCH

513.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

514.    Timex manufactures and sells a product identified as the E-Tide Temp Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

515.    Since January 11, 2008, Timex has marked and continues to mark each unit of the E-Tide Temp Compass watch and/or its accompanying instruction booklet with the '964 Patent.

516.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the E-Tide Temp Compass watch manufactured and sold since that date has been covered by the '964 Patent.

517.    Timex knows or reasonably should know that each unit of the E-Tide Temp Compass watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

518.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the E-Tide Temp Compass watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXVIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**EXPEDITION WATCH**

519.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

520.    Timex manufactures and sells a product identified as the Expedition watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

521.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Expedition watch and/or its accompanying instruction booklet with the '964 Patent.

522.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Expedition watch manufactured and sold since that date has been covered by the '964 Patent.

523.    Timex knows or reasonably should know that each unit of the Expedition watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

524.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Expedition watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXIX**
**THE '964 PATENT**

**FALSE MARKING OF**
**HANDHELD STOPWATCH**

525.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

526.    Timex manufactures and sells a product identified as the Handheld Stop, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

527.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Handheld Stopwatch and/or its accompanying instruction booklet with the '964 Patent.

528.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Handheld Stopwatch manufactured and sold since that date has been covered by the '964 Patent.

529.    Timex knows or reasonably should know that each unit of the Handheld Stopwatch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

530.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Handheld Stopwatch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXX**
**THE '964 PATENT**

**FALSE MARKING OF**
**HUMVEE WATCH**

531.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

532.    Timex manufactures and sells a product identified as the Humvee watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

533.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Humvee watch and/or its accompanying instruction booklet with the '964 Patent.

534.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Humvee watch manufactured and sold since that date has been covered by the '964 Patent.

535.    Timex knows or reasonably should know that each unit of the Humvee watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

536.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Humvee watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXXI**
**THE '964 PATENT**

**FALSE MARKING OF**
**iCONTROL WATCH**

537.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

538.    Timex manufactures and sells a product identified as the iControl watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

539.    Since January 11, 2008, Timex has marked and continues to mark each unit of the iControl watch and/or its accompanying instruction booklet with the '964 Patent.

540.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the iControl watch manufactured and sold since that date has been covered by the '964 Patent.

541.    Timex knows or reasonably should know that each unit of the iControl watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

542.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the iControl watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXXXII
## THE '964 PATENT

## FALSE MARKING OF
## <u>IRON KIDS WATCH</u>

543.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

544.    Timex manufactures and sells a product identified as the Iron Kids watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

545.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Iron Kids watch and/or its accompanying instruction booklet with the '964 Patent.

546.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Iron Kids watch manufactured and sold since that date has been covered by the '964 Patent.

547.    Timex knows or reasonably should know that each unit of the Iron Kids watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

548.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Iron Kids watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXXIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN COMBO (LARGE DIGITAL DISPLAY) WATCH**

549.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

550.    Timex manufactures and sells a product identified as the Ironman Combo (large digital display) watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

551.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Combo (large digital display) watch and/or its accompanying instruction booklet with the '964 Patent.

552.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Combo (large digital display) watch manufactured and sold since that date has been covered by the '964 Patent.

553.    Timex knows or reasonably should know that each unit of the Ironman Combo (large digital display) watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

554.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Combo (large digital display) watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXXXIV
## THE '964 PATENT

## FALSE MARKING OF
## IRONMAN DRESS CHRONOGRAPH WATCH

555.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

556.     Timex manufactures and sells a product identified as the Ironman Dress Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

557.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Dress Chronograph watch and/or its accompanying instruction booklet with the '964 Patent.

558.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Dress Chronograph watch manufactured and sold since that date has been covered by the '964 Patent.

559.     Timex knows or reasonably should know that each unit of the Ironman Dress Chronograph watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

560.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Dress Chronograph watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXXV**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 100-LAP WATCH**

561.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

562.    Timex manufactures and sells a product identified as the Ironman Triathlon 100-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

563.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 100-Lap watch and/or its accompanying instruction booklet with the '964 Patent.

564.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 100-Lap watch manufactured and sold since that date has been covered by the '964 Patent.

565.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 100-Lap watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

566.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 100-Lap watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXXVI**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 10-LAP WATCH**

567.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

568.    Timex manufactures and sells a product identified as the Ironman Triathlon 10-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

569.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 10-Lap watch and/or its accompanying instruction booklet with the '964 Patent.

570.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 10-Lap watch manufactured and sold since that date has been covered by the '964 Patent.

571.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 10-Lap watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

572.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 10-Lap watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXXVII**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 150-LAP WATCH**

573.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

574.    Timex manufactures and sells a product identified as the Ironman Triathlon 150-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

575.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 150-Lap watch and/or its accompanying instruction booklet with the '964 Patent.

576.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 150-Lap watch manufactured and sold since that date has been covered by the '964 Patent.

577.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 150-Lap watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

578.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 150-Lap watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT LXXXVIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 30-LAP WATCH**

579.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

580.    Timex manufactures and sells a product identified as the Ironman Triathlon 30-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

581.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 30-Lap watch and/or its accompanying instruction booklet with the '964 Patent.

582.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 30-Lap watch manufactured and sold since that date has been covered by the '964 Patent.

583.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 30-Lap watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

584.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 30-Lap watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT LXXXIX
## THE '964 PATENT

### FALSE MARKING OF
### IRONMAN TRIATHLON 30-LAP WITH FLIX WATCH

585.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

586.     Timex manufactures and sells a product identified as the Ironman Triathlon 30-Lap With FLIX watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

587.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 30-Lap With FLIX watch and/or its accompanying instruction booklet with the '964 Patent.

588.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 30-Lap With FLIX watch manufactured and sold since that date has been covered by the '964 Patent.

589.     Timex knows or reasonably should know that each unit of the Ironman Triathlon 30-Lap With FLIX watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

590.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 30-Lap With FLIX watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XC**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP WATCH**

591.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

592.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

593.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap watch and/or its accompanying instruction booklet with the '964 Patent.

594.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 50-Lap watch manufactured and sold since that date has been covered by the '964 Patent.

595.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

596.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCI**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP SLEEK WATCH**

597.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

598.     Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Sleek watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

599.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Sleek watch and/or its accompanying instruction booklet with the '964 Patent.

600.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 50-Lap Sleek watch manufactured and sold since that date has been covered by the '964 Patent.

601.     Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Sleek watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

602.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Sleek watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCII**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP SOLAR DUAL-TECH WATCH**

603.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

604.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Solar Dual-Tech watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

605.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Solar Dual-Tech watch and/or its accompanying instruction booklet with the '964 Patent.

606.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 50-Lap Solar Dual-Tech watch manufactured and sold since that date has been covered by the '964 Patent.

607.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Solar Dual-Tech watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

608.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Solar Dual-Tech watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP SOLAR SHOCK WATCH**

609.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

610.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Solar Shock watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

611.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Solar Shock watch and/or its accompanying instruction booklet with the '964 Patent.

612.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 50-Lap Solar Shock watch manufactured and sold since that date has been covered by the '964 Patent.

613.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Solar Shock watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

614.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Solar Shock watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCIV**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 75-LAP SLEEK (OVA) WATCH**

615.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

616.     Timex manufactures and sells a product identified as the Ironman Triathlon 75-Lap Sleek (OVA) watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

617.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch and/or its accompanying instruction booklet with the '964 Patent.

618.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 75-Lap Sleek (OVA) watch manufactured and sold since that date has been covered by the '964 Patent.

619.     Timex knows or reasonably should know that each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

620.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCV**
**THE '964 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 8-LAP WATCH**

621.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

622.    Timex manufactures and sells a product identified as the Ironman Triathlon 8-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

623.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Ironman Triathlon 8-Lap watch and/or its accompanying instruction booklet with the '964 Patent.

624.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Ironman Triathlon 8-Lap watch manufactured and sold since that date has been covered by the '964 Patent.

625.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 8-Lap watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

626.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 8-Lap watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCVI**
**THE '964 PATENT**

**FALSE MARKING OF**
**<u>MARATHON WATCH</u>**

627.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

628.     Timex manufactures and sells a product identified as the Marathon watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

629.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Marathon watch and/or its accompanying instruction booklet with the '964 Patent.

630.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Marathon watch manufactured and sold since that date has been covered by the '964 Patent.

631.     Timex knows or reasonably should know that each unit of the Marathon watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

632.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Marathon watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCVII**
**THE '964 PATENT**

**FALSE MARKING OF**
**PERPETUAL CALENDAR WATCH**

633.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

634.     Timex manufactures and sells a product identified as the Perpetual Calendar watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

635.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Perpetual Calendar watch and/or its accompanying instruction booklet with the '964 Patent.

636.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Perpetual Calendar watch manufactured and sold since that date has been covered by the '964 Patent.

637.     Timex knows or reasonably should know that each unit of the Perpetual Calendar watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

638.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Perpetual Calendar watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCVIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**PERSONAL TRAINER HRM WATCH**

639.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

640.    Timex manufactures and sells a product identified as the Personal Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

641.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Personal Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent.

642.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Personal Trainer HRM watch manufactured and sold since that date has been covered by the '964 Patent.

643.    Timex knows or reasonably should know that each unit of the Personal Trainer HRM watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

644.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Personal Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT XCIX**
**THE '964 PATENT**

**FALSE MARKING OF**
**PULSE TIMING ANALOG WATCH**

645.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

646.    Timex manufactures and sells a product identified as the Pulse Timing Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

647.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Pulse Timing Analog watch and/or its accompanying instruction booklet with the '964 Patent.

648.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Pulse Timing Analog watch manufactured and sold since that date has been covered by the '964 Patent.

649.    Timex knows or reasonably should know that each unit of the Pulse Timing Analog watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

650.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Pulse Timing Analog watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT C**
**THE '964 PATENT**

**FALSE MARKING OF**
**RACE TRAINER HRM WATCH**

651.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

652.    Timex manufactures and sells a product identified as the Race Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

653.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Race Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent.

654.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Race Trainer HRM watch manufactured and sold since that date has been covered by the '964 Patent.

655.    Timex knows or reasonably should know that each unit of the Race Trainer HRM watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

656.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Race Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CI**
**THE '964 PATENT**

**FALSE MARKING OF**
**REEF GEAR WATCH**

657.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

658.     Timex manufactures and sells a product identified as the Reef Gear watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

659.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Reef Gear watch and/or its accompanying instruction booklet with the '964 Patent.

660.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Reef Gear watch manufactured and sold since that date has been covered by the '964 Patent.

661.     Timex knows or reasonably should know that each unit of the Reef Gear watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

662.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Reef Gear watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CII**
**THE '964 PATENT**

**FALSE MARKING OF**
**ROAD TRAINER HRM WATCH**

663.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

664.    Timex manufactures and sells a product identified as the Road Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

665.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Road Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent.

666.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Road Trainer HRM watch manufactured and sold since that date has been covered by the '964 Patent.

667.    Timex knows or reasonably should know that each unit of the Road Trainer HRM watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

668.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Road Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT CIII
## THE '964 PATENT

### FALSE MARKING OF
### RUGGED FIELD AND TRAIL SERIES ANALOG WATCH

669.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

670.    Timex manufactures and sells a product identified as the Rugged Field and Trail Series Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

671.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Rugged Field and Trail Series Analog watch and/or its accompanying instruction booklet with the '964 Patent.

672.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Rugged Field and Trail Series Analog watch manufactured and sold since that date has been covered by the '964 Patent.

673.    Timex knows or reasonably should know that each unit of the Rugged Field and Trail Series Analog watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

674.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Rugged Field and Trail Series Analog watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT CIV
## THE '964 PATENT

## FALSE MARKING OF
## RUGGED FIELD AND TRAIL SERIES CHRONOGRAPH WATCH

675.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

676.     Timex manufactures and sells a product identified as the Rugged Field and Trail Series Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

677.     Since January 11, 2008, Timex has marked and continues to mark each unit of the Rugged Field and Trail Series Chronograph watch and/or its accompanying instruction booklet with the '964 Patent.

678.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Rugged Field and Trail Series Chronograph watch manufactured and sold since that date has been covered by the '964 Patent.

679.     Timex knows or reasonably should know that each unit of the Rugged Field and Trail Series Chronograph watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

680.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Rugged Field and Trail Series Chronograph watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CV**
**THE '964 PATENT**

**FALSE MARKING OF**
<u>**STEALTH WATCH**</u>

681.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

682.    Timex manufactures and sells a product identified as the Stealth watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

683.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Stealth watch and/or its accompanying instruction booklet with the '964 Patent.

684.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Stealth watch manufactured and sold since that date has been covered by the '964 Patent.

685.    Timex knows or reasonably should know that each unit of the Stealth watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

686.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Stealth watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

## COUNT CVI
## THE '964 PATENT

### FALSE MARKING OF
### <u>TARGET TRAINER HRM WATCH</u>

687.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

688.    Timex manufactures and sells a product identified as the Target Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

689.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Target Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent.

690.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Target Trainer HRM watch manufactured and sold since that date has been covered by the '964 Patent.

691.    Timex knows or reasonably should know that each unit of the Target Trainer HRM watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

692.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Target Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CVII**
**THE '964 PATENT**

**FALSE MARKING OF**
**TIME TEACHER ANALOG WATCH**

693.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

694.    Timex manufactures and sells a product identified as the Time Teacher Analog watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

695.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Time Teacher Analog watch and/or its accompanying instruction booklet with the '964 Patent.

696.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Time Teacher Analog watch manufactured and sold since that date has been covered by the '964 Patent.

697.    Timex knows or reasonably should know that each unit of the Time Teacher Analog watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

698.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Time Teacher Analog watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CVIII**
**THE '964 PATENT**

**FALSE MARKING OF**
**TIME TEACHER DIGITAL WATCH**

699.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

700.    Timex manufactures and sells a product identified as the Time Teacher Digital watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

701.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Time Teacher Digital watch and/or its accompanying instruction booklet with the '964 Patent.

702.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Time Teacher Digital watch manufactured and sold since that date has been covered by the '964 Patent.

703.    Timex knows or reasonably should know that each unit of the Time Teacher Digital watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

704.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Time Teacher Digital watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CIX**
**THE '964 PATENT**

**FALSE MARKING OF**
**TMX WATCH**

705.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

706.     Timex manufactures and sells a product identified as the TMX watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

707.     Since January 11, 2008, Timex has marked and continues to mark each unit of the TMX watch and/or its accompanying instruction booklet with the '964 Patent.

708.     Because the '964 Patent expired on January 11, 2008, none of Timex's units of the TMX watch manufactured and sold since that date has been covered by the '964 Patent.

709.     Timex knows or reasonably should know that each unit of the TMX watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

710.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the TMX watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CX**
**THE '964 PATENT**

**FALSE MARKING OF**
**WOMEN'S FIELD WATCH**

711.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

712.    Timex manufactures and sells a product identified as the Women's Field watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

713.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Women's Field watch and/or its accompanying instruction booklet with the '964 Patent.

714.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Women's Field watch manufactured and sold since that date has been covered by the '964 Patent.

715.    Timex knows or reasonably should know that each unit of the Women's Field watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

716.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Women's Field watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CXI**
**THE '964 PATENT**

**FALSE MARKING OF**
**ZONE TRAINER HRM WATCH**

717.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

718.    Timex manufactures and sells a product identified as the Zone Trainer HRM watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

719.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Zone Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent.

720.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Zone Trainer HRM watch manufactured and sold since that date has been covered by the '964 Patent.

721.    Timex knows or reasonably should know that each unit of the Zone Trainer HRM watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

722.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Zone Trainer HRM watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CXII**
**THE '964 PATENT**

**FALSE MARKING OF**
**ZULU TIME WATCH**

723.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

724.    Timex manufactures and sells a product identified as the Zulu Time watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

725.    Since January 11, 2008, Timex has marked and continues to mark each unit of the Zulu Time watch and/or its accompanying instruction booklet with the '964 Patent.

726.    Because the '964 Patent expired on January 11, 2008, none of Timex's units of the Zulu Time watch manufactured and sold since that date has been covered by the '964 Patent.

727.    Timex knows or reasonably should know that each unit of the Zulu Time watch it has manufactured and sold since January 11, 2008 was not covered by the '964 Patent.

728.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Zulu Time watch and/or its accompanying instruction booklet with the '964 Patent since January 11, 2008 for the purpose of deceiving the public.

**COUNT CXIII**
**THE '688 PATENT**

**FALSE MARKING OF**
**1440 SPORTS WATCH**

729.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

730.    Timex manufactures and sells a product identified as the 1440 Sports watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

731.    Since August 11, 2009, Timex has marked and continues to mark each unit of the 1440 Sports watch and/or its accompanying instruction booklet with the '688 Patent.

732.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the 1440 Sports watch manufactured and sold since that date has been covered by the '688 Patent.

733.    Timex knows or reasonably should know that each unit of the 1440 Sports watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

734.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the 1440 Sports watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXIV**
**THE '688 PATENT**

**FALSE MARKING OF**
<u>**ADVENTURE TECH DIGITAL COMPASS**</u>

735.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

736.     Timex manufactures and sells a product identified as the Adventure Tech Digital Compass.

737.     Since August 11, 2009, Timex has marked and continues to mark each unit of the Adventure Tech Digital Compass with the '688 Patent.

738.     Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Adventure Tech Digital Compass manufactured and sold since that date has been covered by the '688 Patent.

739.     Timex knows or reasonably should know that each unit of the Adventure Tech Digital Compass it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

740.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Adventure Tech Digital Compass with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXV**
**THE '688 PATENT**

**FALSE MARKING OF**
**ANALOG CHRONOGRAPH WATCH**

741.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

742.    Timex manufactures and sells a product identified as the Analog Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

743.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Analog Chronograph watch and/or its accompanying instruction booklet with the '688 Patent.

744.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Analog Chronograph watch manufactured and sold since that date has been covered by the '688 Patent.

745.    Timex knows or reasonably should know that each unit of the Analog Chronograph watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

746.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Analog Chronograph watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXVI**
**THE '688 PATENT**

**FALSE MARKING OF**
**BODYLINK: MID-SIZE WATCH**

747.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

748.    Timex manufactures and sells a product identified as the Bodylink: Mid-Size watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

749.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Bodylink: Mid-Size watch and/or its accompanying instruction booklet with the '688 Patent.

750.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Bodylink: Mid-Size watch manufactured and sold since that date has been covered by the '688 Patent.

751.    Timex knows or reasonably should know that each unit of the Bodylink: Mid-Size watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

752.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Bodylink: Mid-Size watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXVII**
**THE '688 PATENT**

**FALSE MARKING OF**
**CHRONO/ALARM/TIMER WATCH**

753.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

754.    Timex manufactures and sells a product identified as the Chrono/Alarm/Timer watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

755.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Chrono/Alarm/Timer watch and/or its accompanying instruction booklet with the '688 Patent.

756.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Chrono/Alarm/Timer watch manufactured and sold since that date has been covered by the '688 Patent.

757.    Timex knows or reasonably should know that each unit of the Chrono/Alarm/Timer watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

758.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Chrono/Alarm/Timer watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXVIII**
**THE '688 PATENT**

**FALSE MARKING OF**
**DATA LINK USB WATCH**

759.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

760.     Timex manufactures and sells a product identified as the Data Link USB watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

761.     Since August 11, 2009, Timex has marked and continues to mark each unit of the Data Link USB watch and/or its accompanying instruction booklet with the '688 Patent.

762.     Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Data Link USB watch manufactured and sold since that date has been covered by the '688 Patent.

763.     Timex knows or reasonably should know that each unit of the Data Link USB watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

764.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Data Link USB watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXIX**
**THE '688 PATENT**

**FALSE MARKING OF**
**DIGITAL COMPASS WATCH**

765.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

766.    Timex manufactures and sells a product identified as the Digital Compass watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

767.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Digital Compass watch and/or its accompanying instruction booklet with the '688 Patent.

768.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Digital Compass watch manufactured and sold since that date has been covered by the '688 Patent.

769.    Timex knows or reasonably should know that each unit of the Digital Compass watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

770.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Digital Compass watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXX**
**THE '688 PATENT**

**FALSE MARKING OF**
**DIGITAL-ANALOG COMBO WATCH**

771.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

772.    Timex manufactures and sells a product identified as the Digital-Analog Combo watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

773.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Digital-Analog Combo watch and/or its accompanying instruction booklet with the '688 Patent.

774.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Digital-Analog Combo watch manufactured and sold since that date has been covered by the '688 Patent.

775.    Timex knows or reasonably should know that each unit of the Digital-Analog Combo watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

776.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Digital-Analog Combo watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXI**
**THE '688 PATENT**

**FALSE MARKING OF**
**DIVE CHRONOGRAPH WATCH**

777.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

778.    Timex manufactures and sells a product identified as the Dive Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

779.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Dive Chronograph watch and/or its accompanying instruction booklet with the '688 Patent.

780.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Dive Chronograph watch manufactured and sold since that date has been covered by the '688 Patent.

781.    Timex knows or reasonably should know that each unit of the Dive Chronograph watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

782.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Dive Chronograph watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXII**
**THE '688 PATENT**

**FALSE MARKING OF**
**FITNESS TRACKER WATCH**

783.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

784.    Timex manufactures and sells a product identified as the Fitness Tracker watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

785.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Fitness Tracker watch and/or its accompanying instruction booklet with the '688 Patent.

786.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Fitness Tracker watch manufactured and sold since that date has been covered by the '688 Patent.

787.    Timex knows or reasonably should know that each unit of the Fitness Tracker watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

788.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Fitness Tracker watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXIII**
**THE '688 PATENT**

**FALSE MARKING OF**
**HANDHELD STOPWATCH**

789.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

790.    Timex manufactures and sells a product identified as the Handheld Stop, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

791.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Handheld Stopwatch and/or its accompanying instruction booklet with the '688 Patent.

792.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Handheld Stopwatch manufactured and sold since that date has been covered by the '688 Patent.

793.    Timex knows or reasonably should know that each unit of the Handheld Stopwatch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

794.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Handheld Stopwatch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXIV**
**THE '688 PATENT**

**FALSE MARKING OF**
**iCONTROL WATCH**

795.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

796.    Timex manufactures and sells a product identified as the iControl watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

797.    Since August 11, 2009, Timex has marked and continues to mark each unit of the iControl watch and/or its accompanying instruction booklet with the '688 Patent.

798.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the iControl watch manufactured and sold since that date has been covered by the '688 Patent.

799.    Timex knows or reasonably should know that each unit of the iControl watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

800.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the iControl watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXV**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN DRESS CHRONOGRAPH WATCH**

801.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

802.    Timex manufactures and sells a product identified as the Ironman Dress Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

803.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Dress Chronograph watch and/or its accompanying instruction booklet with the '688 Patent.

804.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Dress Chronograph watch manufactured and sold since that date has been covered by the '688 Patent.

805.    Timex knows or reasonably should know that each unit of the Ironman Dress Chronograph watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

806.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Dress Chronograph watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

## COUNT CXXVI
## THE '688 PATENT

## FALSE MARKING OF
## IRONMAN TRIATHLON 10-LAP WATCH

807.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

808.    Timex manufactures and sells a product identified as the Ironman Triathlon 10-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

809.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 10-Lap watch and/or its accompanying instruction booklet with the '688 Patent.

810.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 10-Lap watch manufactured and sold since that date has been covered by the '688 Patent.

811.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 10-Lap watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

812.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 10-Lap watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXVII**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 150-LAP SLEEK WATCH**

813.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

814.    Timex manufactures and sells a product identified as the Ironman Triathlon 150-Lap Sleek watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

815.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 150-Lap Sleek watch and/or its accompanying instruction booklet with the '688 Patent.

816.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 150-Lap Sleek watch manufactured and sold since that date has been covered by the '688 Patent.

817.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 150-Lap Sleek watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

818.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 150-Lap Sleek watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXVIII**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 150-LAP SLEEK**
**WITH TAP-SCREEN TECHNOLOGY WATCH**

819.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

820.    Timex manufactures and sells a product identified as the Ironman Triathlon 150-Lap Sleek with TAP-Screen Technology watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

821.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 150-Lap Sleek with TAP-Screen Technology watch and/or its accompanying instruction booklet with the '688 Patent.

822.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 150-Lap Sleek with TAP-Screen Technology watch manufactured and sold since that date has been covered by the '688 Patent.

823.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 150-Lap Sleek with TAP-Screen Technology watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

824.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 150-Lap Sleek with TAP-Screen Technology watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

## COUNT CXXIX
## THE '688 PATENT

## FALSE MARKING OF
## IRONMAN TRIATHLON 30-LAP WATCH

825.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

826.    Timex manufactures and sells a product identified as the Ironman Triathlon 30-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

827.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 30-Lap watch and/or its accompanying instruction booklet with the '688 Patent.

828.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 30-Lap watch manufactured and sold since that date has been covered by the '688 Patent.

829.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 30-Lap watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

830.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 30-Lap watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXX**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 30-LAP WITH FLIX WATCH**

831.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

832.    Timex manufactures and sells a product identified as the Ironman Triathlon 30-Lap With FLIX watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

833.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 30-Lap With FLIX watch and/or its accompanying instruction booklet with the '688 Patent.

834.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 30-Lap With FLIX watch manufactured and sold since that date has been covered by the '688 Patent.

835.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 30-Lap With FLIX watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

836.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 30-Lap With FLIX watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXXI**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP WATCH**

837.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

838.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

839.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap watch and/or its accompanying instruction booklet with the '688 Patent.

840.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 50-Lap watch manufactured and sold since that date has been covered by the '688 Patent.

841.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

842.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXXII**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 50-LAP SLEEK WATCH**

843.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

844.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Sleek watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

845.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Sleek watch and/or its accompanying instruction booklet with the '688 Patent.

846.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 50-Lap Sleek watch manufactured and sold since that date has been covered by the '688 Patent.

847.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Sleek watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

848.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Sleek watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

## COUNT CXXXIII
## THE '688 PATENT

## FALSE MARKING OF
## IRONMAN TRIATHLON 50-LAP SOLAR SHOCK WATCH

849.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

850.    Timex manufactures and sells a product identified as the Ironman Triathlon 50-Lap Solar Shock watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

851.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 50-Lap Solar Shock watch and/or its accompanying instruction booklet with the '688 Patent.

852.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 50-Lap Solar Shock watch manufactured and sold since that date has been covered by the '688 Patent.

853.    Timex knows or reasonably should know that each unit of the Ironman Triathlon 50-Lap Solar Shock watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

854.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 50-Lap Solar Shock watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXXIV**
**THE '688 PATENT**

**FALSE MARKING OF**
**IRONMAN TRIATHLON 75-LAP SLEEK (OVA) WATCH**

855.     Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

856.     Timex manufactures and sells a product identified as the Ironman Triathlon 75-Lap Sleek (OVA) watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

857.     Since August 11, 2009, Timex has marked and continues to mark each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch and/or its accompanying instruction booklet with the '688 Patent.

858.     Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Ironman Triathlon 75-Lap Sleek (OVA) watch manufactured and sold since that date has been covered by the '688 Patent.

859.     Timex knows or reasonably should know that each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

860.     Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Ironman Triathlon 75-Lap Sleek (OVA) watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

**COUNT CXXXV**
**THE '688 PATENT**

**FALSE MARKING OF**
**RUGGED FIELD AND TRAIL SERIES CHRONOGRAPH WATCH**

861.    Plaintiff/Relator incorporates the allegations of the foregoing paragraphs as though set forth at length herein.

862.    Timex manufactures and sells a product identified as the Rugged Field and Trail Series Chronograph watch, and sells each unit thereof, together with an accompanying instruction booklet, to the general consuming public throughout the United States.

863.    Since August 11, 2009, Timex has marked and continues to mark each unit of the Rugged Field and Trail Series Chronograph watch and/or its accompanying instruction booklet with the '688 Patent.

864.    Because the '688 Patent expired on August 11, 2009, none of Timex's units of the Rugged Field and Trail Series Chronograph watch manufactured and sold since that date has been covered by the '688 Patent.

865.    Timex knows or reasonably should know that each unit of the Rugged Field and Trail Series Chronograph watch it has manufactured and sold since August 11, 2009 was not covered by the '688 Patent.

866.    Timex has violated 35 U.S.C. § 292(a) by marking or causing to be marked each unit of the Rugged Field and Trail Series Chronograph watch and/or its accompanying instruction booklet with the '688 Patent since August 11, 2009 for the purpose of deceiving the public.

## PENALTY

867.    Each marking by Timex of the '096 Patent, the '964 Patent, and the '688 Patent on each article of the products identified herein and/or its accompanying instruction booklet constitutes an individual false marking offense that has injured and continues to injure the sovereign interests of the United States of America as well as the public interest, and has discouraged or deterred and continues to discourage or deter honest competition and innovation in competing products.

868.    Each use in advertising by Timex of the '096 Patent, the '964 Patent, and the '688 Patent in connection with each article of the products identified herein constitutes a false marking offense that has injured and continues to injure the sovereign interest of the United States of America as well as the public interest, and has discouraged or deterred and continues to discourage or deter honest competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Relator Hollander respectfully requests that this Court:

a.    Find that Timex's manufacture, advertising, and sale of products with false patent markings or false patent assertions violate 35 U.S.C. §292(a);

b.    Enter judgment against Timex and in favor of Hollander;

c.    Determine an appropriate fine, of not more than $500 per offense, but sufficient to penalize Timex's violations of § 292(a) and to deter Timex and others similarly situated from violating § 292(a) in the future, for each offense of false marking, one-half of which shall be for the use of the United States of America and the other half of which shall go to Hollander;

    d.   Award Hollander the costs incurred in this litigation;

    e.   Determine that the present case is exceptional under 35 U.S.C. § 285 and, based on such determination, award Hollander his reasonable attorney fees; and

    f.   Grant Hollander such other and further relief as this Honorable Court shall deem just and equitable.

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b)(1), Hollander hereby demands a jury trial on all issues so triable.

Dated: January 29, 2010                    Respectfully submitted,

                                                  _____

BY:    Jacob C. Cohn
        Ilan Rosenberg
        COZEN O'CONNOR
        1900 Market Street
        Philadelphia, PA 19103
        (215) 665-2783

        *Attorneys for Plaintiff/Relator*
        *Bentley A. Hollander*