IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENTLEY A. HOLLANDER<br><br>　　　　　　　Plaintiff/Relator,<br><br>　　　v.<br><br>TIMEX GROUP USA, INC., f/k/a<br>TIMEX CORPORATION<br><br>　　　　　　　Defendant. | CIVIL ACTION<br>No. 2:10-cv-00429<br><br><br><br><br><br>March 2, 2010 |

### ORDER

**AND NOW**, this _____ day of _____, 2010, upon consideration of the Defendant's Motion, it is hereby **ORDERED**, that the Motion to Dismiss is **GRANTED**. Accordingly, plaintiff's complaint against Defendant Timex Group, USA Inc. is **DISMISSED**.

　　　　　　　　　　　　　　　　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Berle M. Schiller, U.S.D.J.

{W1794381;2}

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENTLEY A. HOLLANDER<br><br>                 Plaintiff/Relator,<br><br>v.<br><br>TIMEX GROUP USA, INC., f/k/a<br>TIMEX CORPORATION<br><br>                 Defendant. | CIVIL ACTION<br>No. 2:10-cv-00429<br><br><br><br><br><br>March 2, 2010 |

## **DEFENDANT'S MOTION TO DISMISS PLAINITFF'S COMPLAINT**

The defendant, Timex Group USA, Inc (hereinafter "Timex") hereby respectfully moves to dismiss plaintiff Bentley A. Hollander's (hereinafter "Hollander") complaint under Federal Rule of Civil Procedure 12(b)(6) (hereinafter "Rule 12(b)(6)") for failure to state a claim upon which relief may be granted and under Federal Rule of Civil Procedure 9(b) (hereinafter "Rule 9(b)") for failure to plead his allegations of fraud with the required particularity.

Hollander filed this qui tam action asserting one-hundred and thirty-five counts of false patent marking under 35 U.S.C. § 292 based on the continued listing of patent numbers on some of Timex's products, instructional manuals and/or promotional materials, after the patents' term of enforceability expired. There are several fundamental flaws with Hollander's complaint that require it be dismissed. First, Hollander's claim that Timex merely continued to mark its products, instructional manuals and/or promotional materials after the expiration of the patents does not constitute false marking

under § 292 and, therefore, the complaint should be dismissed for failure to state a claim upon which relief can be granted. See Fed. Civ. Pro. 12(b)(6). Second, Hollander's allegations do not permit this Court to infer more than a mere possibility of misconduct by Timex. Hollander not only fails to plead facts showing actual knowledge of patent expiration but his complaint is devoid of any facts that support a reasonable inference that Timex marked its products, instructional and/or promotional materials with the intent to deceive the public. Instead, his complaint consists of conclusory statements which merely parrot the statutory language of § 292. As such, the complaint does not meet the requisite pleading requirements of Rule 12(b)(6) and must be dismissed.

Third, because a false marking claim is premised on bad faith, it should be viewed as a fraud-based claim. Fraud-based allegations must be pled with particularity pursuant to Rule 9(b). Hollander's conclusory allegations are insufficient to support the fraud-based intent to deceive element of § 292. Hollander's failure to plead appropriate particularized facts to support Timex's alleged "intent to deceive" provides further grounds for dismissal.

Finally, the first fifty-six counts of the complaint which seek recovery for purported violations that occurred prior to January 29, 2005 are time barred by the five-year statute of limitations which governs civil fines. Therefore, those claims must be dismissed.

In support therefore, Timex relies on the attached Memorandum of Law.

THE DEFENDANT,
TIMEX GROUP USA, INC., f/k/a
TIMEX CORPORATION

Validation of Signature Code JCR2107
/s/ Christopher Rooney
Christopher Rooney (pa#42225)
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Telephone (203) 777-5501

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2010, a copy of the foregoing **Defendant's Motion to Dismiss Plaintiff's Complaint** was filed electronically and served by mail on all counsel and pro se parties unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jacob C. Cohn
Ilan Rosenberg
Cozen O'Connor
1900 Market Street
Philadelphia , PA 19103

*Counsel for Plaintiff*

Validation of Signature Code JCR2107
/s/ Christopher Rooney
Christopher Rooney  (pa#42225)
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Telephone (203) 777-5501
