**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| BENTLEY A. HOLLANDER | : | CIVIL ACTION |
|  | : |  |
|  | : | No. 2:10-cv-429 |
| Plaintiff/Relator, | : |  |
| v. | : |  |
|  | : |  |
| TIMEX GROUP USA, INC., f/k/a | : |  |
| TIMEX CORPORATION | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**PLAINTIFF/RELATOR BENTLEY A. HOLLANDER'S OPPOSITION TO
DEFENDANT TIMEX GROUP USA, INC.'S  MOTION TO DISMISS**

Jacob C. Cohn
Ilan Rosenberg
Cozen O'Connor
1900 Market St.
Philadelphia, PA  19103
(215) 665-2000

Attorneys for Plaintiff/Relator
Bentley A. Hollander

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    ARGUMENT ........................................................................................................3

    A.    As the Federal Circuit Has Repeatedly Emphasized, Dr. Hollander's Congressionally-Authorized Policing of the False Patent Marking Statute Vindicates an Important Governmental Interest ....................................................3

    B.    Dr. Hollander's Well-Pleaded Complaint States Viable Claims Against Timex for Its Violations of § 292(a) ...................................................................................4

        1.    The Legal Standard for Evaluating the Sufficiency of a Complaint Under Rule 12(b)(6).....................................................................................4

        2.    The Heightened Pleading Standard of Rule 9(b) Is Inapplicable Because This Is Not an Action for Fraud......................................................5

        3.    Dr. Hollander Has Properly Alleged False Marking Claims Under § 292(a) .........................................................................................................8

            a)    Continuing to Mark and Advertise Expired Patents Constitutes False Marking ............................................................................10

            b)    Dr. Hollander Has Adequately Pleaded Timex's Intent to Deceive the Public ........................................................................15

        4.    Dr. Hollander Does Not Seek The Imposition Of Fines For Markings Made prior to January 29, 2005 ................................................................17

III.    CONCLUSION...................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arcadia Mach. & Tool Inc. v. Sturm , Ruger & Co., Inc.*,
786 F.2d 1124 (Fed. Cir. 1986)...................................................................................12

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)...................................................................................................4

*Astec Am., Inc. v. Power-One, Inc.*,
2008 U.S. Dist. LEXIS 30365 (E.D. Tex. 2008) ..........................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................................4

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
489 U.S. 141 (1989)............................................................................................. *passim*

*Christidis v. First Pennsylvania Mortg. Trust*,
717 F.2d 96 (3d. Cir. 1983)............................................................................................5

*Clontech Labs. Inc. v. Invitrogen Corp.*,
406 F.3d 1347 (Fed. Cir. 2005)............................................................................ *passim*

*Douglas v. Wal-Mart Stores, Inc.*,
2005 WL 323469 (E.D. Pa., November 30, 2005) .....................................................16

*DP Wagner Mfg., Inc. v. Pro Patch Systems, Inc.*,
434 F. Supp. 2d 445 (S.D. Texas 2006)......................................................................10

*FMC Corp. v. Control Solutions, Inc.*,
369 F. Supp.2d 539 (E.D. Pa. 2005) ...........................................................................12

*In re Bose Corp.*,
580 F.3d 1240 (Fed. Cir. 2009)......................................................................................6

*Juniper Networks v. Shipley*,
2009 WL 1281873 (N.D. Cal. May 14, 2009) ..............................................................8

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
507 U.S. 163 (1993).......................................................................................................7

*New York Consolidated Card Co. v. Union Playing Card Co.*,
39 Hun. (N.Y.) 611 (App. Div. 1886)..........................................................................13

*Pequignot v. Solo Cup Co.*,
   540 F. Supp. 2d 649 (E.D. Va. 2008) .......................................................10, 11, 12

*Sauers v. Lower Southampton Township*,
   2010 WL 176858 (E.D. Pa. January 19, 2010) ..........................................................5

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ..................................................................................................7, 8

*The Forest Group, Inc. v. Bon Tool Co.*,
   590 F.3d 1295 (Fed. Cir. 2009) ........................................................................ *passim*

*Wilde v. Gibson*,
   I H.L.C. 605 (1848) ..................................................................................................6, 7

*Wilson v. Singer Mfg. Co.*,
   12 F. 57 (C.C. N.D. Ill. 1882) .....................................................................................13

## STATUTES

35 U.S.C. § 102(b) ...........................................................................................................11

35 U.S.C. § 292 ....................................................................................................... *passim*

## OTHER AUTHORITIES

Hugo E. Weisberger, *False Marking*, 18 J. Pat. Off. Soc'y 517 (1936) ...................13, 14

Fed. R. Civ. P. 8(a) ...........................................................................................................5, 8

Fed. R. Civ. P. 9(b) ................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................................................2, 4, 8

*WIGMORE ON EVIDENCE* §2106 (4th Ed. 2009) .........................................................7

WILLIAM C. ROBINSON, THE LAW OF PATENTS FOR USEFUL INVENTIONS (1890) .................13, 14

## I.     INTRODUCTION

Dr. Bentley Hollander commenced this *qui tam* action, as Congress has expressly authorized him to do, pursuant to 35 U.S.C. § 292(b).  Dr. Hollander sues to collect a penalty from defendant Timex Group USA, Inc. ("Timex") in the name of the United States for Timex's unlawful activity in falsely marking millions of watches with expired patent numbers in violation of § 292(a).[1]  Timex moves to dismiss his Complaint.

Timex raises three main arguments in support of its motion to dismiss.  None has merit.  Indeed, each flies in the face of controlling appellate precedent.[2]

First, Timex claims that marking articles with a patent number after that patent has expired does not constitute false marking.  The Supreme Court and Federal Circuit teach that Timex is wrong.  As explained in detail below, under *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 159 (1989), an item for which a patent is expired "is unpatented and unpatentable."  And under *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005), false marking occurs whenever someone marks an article with any patent that doesn't actually protect the article.

Most recently, this conclusion was reinforced by *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009), a case in which the Federal Circuit clarified that the statutory fine must be applied on a per-article basis.  In *Forest Group*, the Federal Circuit emphatically discredited prior district court opinions, many of which are cited by Timex, that suggested judicial antipathy toward false patent marking *qui tam* claims, or artificially constrained the

---

[1]  The patents are U.S. Patent No. 4,527,096 ("the '096 Patent"), U.S. Patent No. 4,775,964 ("the '964 Patent"), and U.S. Patent No. 4,912,688 ("the '688 Patent").  The Court may take judicial notice of the facts that these patents expired on February 4, 2004, January 11, 2008, and August 11, 2009, respectively.

[2]  Because this case arises under the Patent Act, the Federal Circuit has exclusive jurisdiction over any appeals.  Therefore, it is the precedent of the Federal Circuit in this instance, not the Third Circuit, that is binding upon this Court for purposes of *stare decisis*.

reach of § 292, contrary to the statute's express language.  Indeed, that court's observation that Congress "explicitly" authorized and encouraged private enforcers to sue over the marking of expired patents should end any argument that it is not unlawful to continue marking articles with patents after their expiration.  *Id*. at 1303-04.

Second, Timex argues that Dr. Hollander has failed to adequately plead that Timex had "actual knowledge of patent expiration" or that Timex falsely marked its products, instructional materials and promotional materials with expired patents with the requisite intent to deceive the public.  But the Rules are clear that it is sufficient for purposes of withstanding a Rule 12(b) motion that "conditions of a person's mind," including "***intent and knowledge***," are "alleged ***generally***."  Rule 9(b) (emphasis added).  Indeed, the idea that Timex is not chargeable with knowledge of when its patents expired is nonsense – the duration of every patent is disclosed on the cover of the patent itself.  Moreover, Timex's argument on the "intent to deceive" element again is torpedoed by *Clontech*.  There, the Federal Circuit admonished that "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference [at trial] that there was a fraudulent intent."  *Clontech*, 406 F.3d at 1352-53.

Third, Timex asserts that § 292(a) claims must be pleaded with the specificity required of claims of "fraud or mistake" under Rule 9(b).  As explained below, however, a false marking action does not sound in fraud or mistake, and, per *Clontech*, it is not required to be proved by clear and convincing evidence.  Moreover, the Supreme Court has made clear that courts are not free to expand the precepts of Rule 9 to impose a higher pleading burden on plaintiffs in additional categories of cases.

Finally, Timex argues that, with respect to the '096 Patent that expired in 2004, no fine may be imposed for instances of false marking that took place more than five years before the

filing of Dr. Hollander's Complaint.  Dr. Hollander does not seek the imposition of fines for

articles marked prior to January 29, 2005, but only for those falsely marked thereafter.

Properly analyzed under the controlling precedents, Dr. Hollander has pleaded claims for

relief under § 292.  Timex's motion is groundless and dilatory and should be denied.

## II.   ARGUMENT

### A.   As the Federal Circuit Has Repeatedly Emphasized, Dr. Hollander's Congressionally-Authorized Policing of the False Patent Marking Statute Vindicates an Important Governmental Interest

This is an action brought on behalf of the United States to enforce its patent laws.  In

2005, the Federal Circuit, applying Supreme Court precedent, emphasized the United States'

strong interest in preventing false patent marking.  "Congress intended the public to rely on

marking as 'a ready means of discerning the status of intellectual property embodied in an article

of manufacture or design.'" *Clontech*, 406 F.3d at 1356 (quoting *Bonito Boats*, 489 U.S. at 162,

and citing *Wine R. Appliance Co. v. Enterprise R. Equipment Co.,* 297 U.S. 387, 397 (1936)).

The *Clontech* Court continued:

> federal patent policy[] recogniz[es] an "important public interest in
> permitting full and free competition in the use of ideas which are in
> reality a part of the public domain." [*Lear, Inc. v. Adkins*, 395 U.S.
> 653, 670].  ***That interest is clearly injured by false marking
> because the act of false marking misleads the public into
> believing that a patentee controls the article in question (as well
> as like articles), externalizes the risk of error in the
> determination, placing it on the public rather than the
> manufacturer or seller of the article, and increases the cost to the
> public of ascertaining whether a patentee in fact controls the
> intellectual property embodied in an article.***

*Id.* at 1356-57 (emphasis added).  As shown below, this statement of public policy and statutory

intent obliterates Timex's arguments that marking an article with an expired patent is not illegal

under § 292.

Last year, the Federal Circuit in *Forest Group* again reiterated that the United States has a strong interest in pursuing false marking claims under 35 U.S.C. § 292 because such acts deter innovation and stifle competition in the marketplace.  *Forest Group*, 590 F.3d at 1302-03.  *Forest Group* further declared that Congress has expressly permitted and encouraged members of the public to sue on behalf of the government to help control false marking.  *Id.* at 1303-04.

**B.     Dr. Hollander's Well-Pleaded Complaint States Viable Claims Against Timex for Its Violations of § 292(a)**

**1.     The Legal Standard for Evaluating the Sufficiency of a Complaint Under Rule 12(b)(6)**

In the wake of *Twombly* and *Iqbal*, this Court has outlined the applicable standard for evaluating the legal sufficiency of a complaint on several occasions:

> In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949.  Simply reciting the elements will not suffice.  *Id.* (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

4

*Sauers v. Lower Southampton Township*, 2010 WL 176858 (E.D. Pa. January 19, 2010) (Schiller, J.).

As explained in detail below, accepting the factual allegations of the complaint as true, Dr. Hollander has alleged claims for relief that are "plausible on their face." Indeed, more than plausible, as the Federal Circuit has taught in *Clontech*, these averments of knowingly marking articles with expired patents, if proven, would suffice on their own for a fact finder to find Timex liable for violations of § 292(a).

> **2. The Heightened Pleading Standard of Rule 9(b) Is Inapplicable Because This Is Not an Action for Fraud**

From its promulgation, Rule 8 was intended by the drafters of the Federal Rules to replace the prior practice of "fact" pleading with "notice" pleading. The pleader is required only to provide "a short and plain statement" of the grounds for a court's jurisdiction, "a claim showing that the pleader is entitled to relief," and a demand for relief. The first sentence of Rule 9(b), which Timex insists applies here, requires a party to "state with particularity the circumstances constituting fraud or mistake." Even so, "conditions of a person's mind," like malice, intent and knowledge, "may be alleged generally."

This is not a fraud case. It is a false patent marking case. The particularity requirement of Rule 9(b) therefore does not apply.

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public." *Forest Group*, 590 F.3d at 1300.

Fraud, on the other hand, has five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by defendant of its falsity (scienter); (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting harm. *See, e.g.*, *Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 99 (3d. Cir. 1983). While the offense of false patent marking requires the misrepresentation of an

article as being patented and deceptive intent, neither reliance nor pecuniary harm are elements of that offense.

Perhaps more importantly, the Federal Circuit's standards of proof are different for false patent marking than for fraud. As that court has only recently had occasion to reemphasize, "the very nature of the charge of fraud requires that it be proven to the hilt with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (internal quotation marks and citation omitted). In contrast, to prove a case of false patent marking, the relator/plaintiff must merely prove "by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent)." *Clontech*, 406 F.3d at 1352-53. While *Clontech* held that § 292(a) is not "a statute of strict liability for mismarking," the fact that the burden of proof is the ordinary preponderance of the evidence standard, not the heightened clear and convincing evidence standard, serves to further demonstrate that this is not a fraud claim, and that 9(b) therefore is inapplicable.

This conclusion is confirmed by the history of Rule 9(b) and its antecedents. As the 1937 Committee Notes reveal, Rule 9(b) is patterned on English rules of practice that required particularized pleading in light of the more particularized showing required by English courts for proof of fraud. The English source rule provided: "Fraud must be distinctly alleged and proved." English Rules Under the Judicature Act (The Annual Practice, 1937) O. 19, r. 22. That rule itself is derived from the equity principle that "where fraud is to be the ground of the proceeding, and is made the principle on which the relief is sought at the hands of the court, that fraud must be clearly and distinctly alleged, and if so alleged, must equally be clearly and distinctly proved, if it is the ground on which parties seek the assistant of the court for equitable relief." *Wilde v.*

*Gibson*, I H.L.C. 605, 628 (1848), reprinted in Volume IX, The English Reports, House of Lords (1901) (available at http://books.google.com).  Hence, both heightened pleading and heightened proof were required "in proceedings in Equity – for the security of the Court against imposition upon it, – for the keeping straight and clear the principle on which its jurisdiction is to be exercised, – for the safety of the characters of the parties – and for common justice."[3]  *Id.*

It therefore follows *a fortiori* from the fact that the Federal Circuit recognized in *Clontech* that a § 292(a) violation need only be proved by a preponderance of the evidence that false patent marking actions do not sound in fraud and are not subject to the heightened burden of proof of Rule 9(b).

Timex acknowledges that the Federal Circuit has never applied Rule 9(b) to false patent marking claims.  That is no surprise, because federal law is emphatically clear that Rule 9(b) standards are expressly constrained to the pleading of fraud and mistake.  Indeed, the restrictive terms of Rule 9(b) mean that federal courts are not permitted to add to this list and require, by common law, that any other claims be pleaded with such particularity.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (federal courts are not to supplement the list in Rule 9(b) of the Federal Rules of Civil Procedure of claims that must be pleaded with particularity); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (the Supreme Court has declined to extend the requirements of Rule 9(b) to contexts other than fraud or mistake).

---

[3]  Apart from Rule 9(b) and the heightened burden of proof for fraud, this equity principle also finds continued vitality, for example, in the context of lost wills where a number of states, by precedent or by statute, require that the existence and content of a lost will "be clearly and distinctly proved by at least two witnesses," or by "clear and convincing" evidence or "clear, satisfactory, and convincing" evidence.  *See WIGMORE ON EVIDENCE* §2106 (4th Ed. 2009) (collecting citations).

Timex's argument relies primarily on case law dealing with varieties of fraud: on the Patent Office; securities fraud; false advertising.  These cases are, therefore, inapposite.  The one district court case Timex cites (p. 5) as holding Rule 9(b) applicable to § 292(a) claims, *Juniper Networks*,[4] is contrary to – indeed ignores – Supreme Court precedent.  Further, it is contrary to a prior district court case that correctly applied that precedent to find Rule 9(b) ***inapplicable*** to false marking claims.  *See Astec Am., Inc. v. Power-One, Inc.*, 2008 U.S. Dist. LEXIS 30365 (E.D. Tex. 2008).  Contrary to *Juniper Networks*, the court in *Astec America* quoted the Supreme Court's holding in *Swierkiewicz* and correctly held that Rule 9(b) does not apply to such claims.

In sum, the Federal Circuit has never applied Rule 9(b) standards to false patent marking claims.  To the contrary, its holding in *Clontech* that the ordinary preponderance standard applies to such claims is the proof of the pudding that they are not fraud claims and therefore are governed by Rule 8(a), not Rule 9(b).  Timex's argument on this score therefore should be rejected.[5]

### 3.      Dr. Hollander Has Properly Alleged False Marking Claims Under § 292(a)

Dr. Hollander expressly averred (Complaint, ¶ 2) that Timex falsely marked millions of articles with expired patents, and also used these expired patents in advertising in connection with such articles, all for the purpose of deceiving the public into believing that such articles are covered by this expired patent.  Had the Complaint stopped there, it would have pleaded a valid claim, subject perhaps to a Rule 12(e) motion for a more definite statement, but a cognizable claim nonetheless.  But Dr. Hollander went farther, much farther.

---

[4] *Juniper Networks v. Shipley*, 2009 WL 1281873 (N.D. Cal. May 14, 2009).
[5] Even if heightened fact pleading were required, which it is not, Dr. Hollander has made out a plausible, legally-cognizable claim with sufficient factual specificity to withstand Timex's motion to dismiss.

In his 149-page, 868-paragraph Complaint, Dr. Hollander specifically identified and attached the three expired patents that Timex illegally continued to mark on its articles.  He asserted 135 separate counts specifically identifying each of the products thus far known to Dr. Hollander which Timex continued marking with patent numbers after those patents expired.  He averred that Timex engaged in its false marking activity knowing that these patents were expired and that Timex had no right to exclude the public from practicing the inventions disclosed by those expired patents.  Thus, Timex is on notice of the expired patents it continues to mark and advertise, of the specific products it falsely marks, and of Dr. Hollander's averments that these marking activities were undertaken with knowledge of their falsity and for the purpose of deceiving the public.

Thus, Dr. Hollander's Complaint makes out claims for relief that meet the pleading standards of the Federal Rules of Civil Procedure.  There is no *bona fide* argument to the contrary.

Undaunted, however, Timex soldiers on.

First, Timex, apparently conceding that it has been marking and advertising expired patents, argues that such activities do not constitute false marking.  As demonstrated below, however, Timex is wrong.  Its argument has been addressed and rejected by Federal Circuit and Supreme Court precedent.

Second, Timex argues that Dr. Hollander has not adequately alleged that Timex intended to deceive the public by its false marking activities.  Again, Timex's arguments have no merit and are contrary to, *inter alia*, the holding and rationale of *Clontech*, as well as the second sentence of Rule 9(b) which, in contrast to the heightened pleading required by the first sentence for claims of fraud or mistake, provide that states of mind, like knowledge and intent, may ***always*** be generally pleaded, as Dr. Hollander has done here.

### a)   Continuing to Mark and Advertise Expired Patents Constitutes False Marking

The Federal Circuit's decisions in *Clontech* and *Forest Group* foreclose Timex's argument that marking articles with expired patents does not constitute false marking.  As *Clontech* established, the term "unpatented article" is determined on a patent-by-patent basis.  "When the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of each patent with which the article is marked."  *Clontech*, 406 F.3d at 1352.  Marking an article as covered by a patent thus constitutes a representation to the public that the article is covered by one or more claims of that specific patent.  It also constitutes a representation to the public that the identified patent **has not expired**.

When non-expired patents are at issue, a court must examine whether each patent has at least one claim that covers that article.  If it does not, then the article is "unpatented" for purposes of that patent.

A court's job is simplified where, as here, only expired patents are at issue because, by definition, an expired patent does not protect anything at all:

> It is self evident that once a patent has expired it provides no protection for the article that it described.  It necessarily follows that an article when marked with an expired patent number nonetheless remains an "unpatented article" within the meaning of § 292.

*DP Wagner Mfg., Inc. v. Pro Patch Systems, Inc.*, 434 F. Supp. 2d 445, 452 n.3 (S.D. Texas 2006).  *See also*, *Pequignot v. Solo Cup Co.*, 540 F. Supp. 2d 649, 652 (E.D. Va. 2008) ("unpatented article" refers to any article not presently protected by a valid patent).

Timex spends seven pages of its brief (pp. 7-14) presenting arguments that have already been discredited by controlling authority.  Timex argues that *DP Wagner* and *Pequignot* were wrongly decided.  But its argument is torpedoed by controlling Supreme Court and Federal Circuit precedent.  Over 20 years ago, the Supreme Court held that an article that is the subject of

an expired patent is "unpatented." *Bonito Boats*, 489 U.S. at 159 ("In this case, the Bonito 5VBR fiberglass hull has been freely exposed to the public for a period in excess of six years. For purposes of federal law, *it stands in the same stead as an item for which a patent has expired* or been denied: *it is unpatented* and unpatentable. *See* 35 U.S.C. § 102(b)." (emphasis added)).

Timex tries (pp. 9-10) to brush *Bonito Boats* aside (along with similar precedent declaring an invention whose patent has expired as "unpatented") by asserting that these declarations were made in the context of patent infringement litigation, rather than false marking actions. The Federal Circuit, however, disagrees. In *Forest Group*, the Federal Circuit confirmed that intentionally marking articles with expired patents indeed constitutes false patent marking actionable under the statute. There, the Court noted discussion among commentators of a "surge of [§ 292(b) *qui tam*] actions in recent years," including suits by individuals against "large corporations for false patent marking when an expired patent number appears on a product." 590 F.3d at 1303. Rejecting criticism of such suits, the Federal Circuit emphasized that "this, however, is precisely what the clear language of the statute allows." *Id*. at 1303-04. "Rather than discouraging such activities, the false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking." *Id*.

Likewise, applying *Clontech,* the Eastern District of Virginia held in *Pequignot* that marking with an expired patent is false marking, even where the marker hedges his claim by asserting only that the products "may be covered" by one or more patents or applications:

> The marking at issue need not explicitly state that the product is patented to constitute a false marking. The statute prohibits "any work or number importing  that the same is patented for the purpose of deceiving the public." […]
>
> To that end, a statement that an article "may be covered by one or

more U.S. or foreign pending or issued patents" clearly suggests that the article is protected by the patent laws.  After reading this statement, potential inventors and consumers cannot readily confirm whether the article is protected. […]  They must instead undertake an external inquiry, thereby assuming "the costs of a reasonably competent search for information necessary to interpret each patent." *Clontech*, 406 F.3d at 1357 n.6.  At [sic] a result, the practical effect of such a marking is similar to a more forceful statement; it functions as a de facto "no trespassing" sign.

Whether marking with a conditional statement constitutes a culpable false marking depends on whether [the relator] can demonstrates [sic] by a preponderance of the evidence that [defendant] intended to deceive the public - *i.e.,* that [defendant] "did not have a reasonable belief that the articles were . . . covered by a patent" or a pending patent application. *Id.* at 1353. Accordingly, the motion to dismiss [relator's] claims based on [defendant's] conditional patent markings will also be denied.

*Pequignot*, 540 F. Supp. 2d at 655-56.

Timex's reliance (p. 10) on *FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp.2d  539 (E.D. Pa. 2005), is misplaced.  Judge Pratter issued her ruling a scant 11 days after *Clontech* was decided, and she did not cite that case or its analysis of the purpose and scope of § 292.  It therefore may be inferred that Judge Pratter was unaware of *Clontech* when she decided *FMC*. In any event, in light of *Bonito Boats* and  *Clontech*, and now *Forest Group*, it is apparent that *FMC* is not sound law.  Instead, *Bonito Boats*, *Clontech*, and *Forest Group* establish that, upon expiration of the '096, '964 and '688 Patents, Timex's watches were unpatented.

Moreover, Timex seeks to mislead the Court (*id.*) as to the import of *Arcadia Mach. & Tool Inc. v. Sturm , Ruger & Co., Inc.*, 786 F.2d 1124 (Fed. Cir. 1986), the only Federal Circuit case it cites on this point.  That court neither "noted" nor held that marking products with expired patents does not constitute false marking.  Instead, that court's two-page, nine-paragraph opinion merely affirmed the district court's summary judgment grant for the defendant when, after nine months of discovery, the plaintiff was unable to adduce any evidence of the defendant's deceptive intent.

As for *Wilson*,[6] the 19th Century district court case cited by Timex (p. 8), its purported holding is of scant relevance in the face of *Bonito Boats*, *Clontech*, and *Forest Group*.  Nor did it represent an established legal viewpoint at the time because, even then, contrary authority existed standing for the proposition that marking an expired patent number on a patent did constitute false marking under the predecessor to § 292.  *New York Consolidated Card Co. v. Union Playing Card Co.*, 39 Hun. (N.Y.) 611, 614-15 (App. Div. 1886) ("[T]he prohibition of the [false patent marking] statute includes any unpatented article, and when a patent issued for an article has expired, it necessarily is from that time an unpatented article.") (Exhibit "A").[7]  *New York Consolidated* called the soundness of *Wilson* into serious question and actually held that the impression of an expired patent upon an article created a ***presumption*** of intent to deceive.  *Id.*

_____

[6] *Wilson v. Singer Mfg. Co.*, 12 F. 57 (C.C. N.D. Ill. 1882).

[7] Moreover, Timex does not provide the complete context of *Wilson*.  The apparent conflict between that decision and *New York Consolidated* was discussed by commentators, who pointed out that

> the two decisions are not wholly irreconcilable. It will be noted that in the [*New York Consolidated*] case, the markings were not accompanied by the patent dates, as was done in the [*Wilson*] case. It may have been this circumstance, viz. that the dates made it self-evident that the patents had expired, that influenced the [*Wilson*] decision.  In the absence of the patent date, as in the [*New York Consolidated*] case, to indicate expiration, it cannot be doubted that the mark would affect the conduct of buyers, limiting and restraining their dealings in the articles, as representing a patented commodity, and that in such a circumstance, the New York opinion presents a sounder view.

Hugo E. Weisberger, *False Marking*, 18 J. Pat. Off. Soc'y 517, 529 (1936); *see also* 2 WILLIAM C. ROBINSON, THE LAW OF PATENTS FOR USEFUL INVENTIONS 271 n. 4 (1890) (noting *Wilson* and *New York Consolidated* for the proposition that marking with an expired patent is false marking unless the marking itself contains the date of the patent) (available at http://books.google.com).  But, therefore, *Wilson* might support an argument that marking a patent number ***together with its patent date*** might tend to negate an inference of deceptive intent. Here, of course, Timex has made no effort whatsoever to notify the public that the patents it has been marking on its Indiglo watches are expired.

Timex's final argument (pp. 12-14) that "public policy" favors falsely marking articles with expired patent numbers is not only contrary to the above-cited authorities, but demonstrates a misunderstanding of the very purpose of patent marking – which is to put the public on notice of the marker's claimed right to *exclude* others from using the invention and to place the risk of error on the party marking the articles as patented.  To reiterate, Congressional intent was for the public to unquestioningly rely on marking as signifying that an article is covered by a valid, unexpired patent, and the act of marking constitutes a representation to the public that this is so. Whether or not it is easier to figure out whether a patent is expired than whether a valid patent's claims read on a particular article, Timex's view still places the onus on the public to figure it out, in plain contravention of Congressional intent, and, as *Clontech* made clear, impermissibly "externalizes the risk of error in the determination" from the marker to the public.  *Clontech*, 406 F.3d at 1356-57.  If the marker wanted to "actually promot[e] competition and innovation" through the exploitation of the invention that has now entered the public domain, as Timex claims it wished to do (p. 13), the marker would mark each article with a notation that it was once, *but is no longer*, covered by a specific patent.  Now, *that* would inform the public of its right to investigate and make use of the now-unpatented invention.[8]

Because the '096, '964 and '688 Patents have expired, they could not cover Timex's watches.  These watches, therefore, were "unpatented articles."  As a result, each time Timex marked a watch or its accompanying user manual with expired patent numbers, Timex falsely marked an unpatented article, as Dr. Hollander has more than adequately pleaded in his complaint.

---

[8] *See* Weisberger, *False Marking*, 18 J. Pat. Off. Soc'y at 529; 2 ROBINSON, THE LAW OF PATENTS FOR USEFUL INVENTIONS 271 n. 4.

b)   **Dr. Hollander Has Adequately Pleaded Timex's Intent to Deceive the Public**

The Federal Circuit also has instructed the lower courts on the "intent to deceive" element of a § 292(b) claim:

> Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. *Seven Cases v. United States*, 239 U.S. 510, 517-18, 36 S. Ct. at 190, 193, 60 L.Ed. 411 (1970). Intent to deceive, while subjective in nature, is established in law by objective criteria. *Id.* Thus, "objective standards" control and "***the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent***." *See Norton v. Curtiss*, 57 C.C.P.A. 1384, 433 F.2d 779, 795-96 (1970).

*Clontech*, 406 F.3d at 1352-53.  (Emphasis supplied).

As discussed above, Dr. Hollander has averred the ***fact*** (undisputed by Timex) that Timex falsely marked articles with an expired patent number.  Per *Bonito Boats, Clontech,* and *Forest Group*, that is sufficient to allege "the fact of misrepresentation" by Timex since, with respect to the '096, '964 and '688 Patents, these articles were "unpatented."

Dr. Hollander has satisfied the second prong – intent to deceive the public – by averring the ***fact*** that Timex had "knowledge of its falsity," *i.e.*, that it knew that its patents were expired at the time it falsely marked the articles.  Dr. Hollander has averred that Timex knew of the requirements of § 292, the purpose of marking a product as patented, and that all patents have a limited duration.  (Superfluous averments, really, given the legal presumption at least since Roman times that all persons are presumed to know the law).  Dr. Hollander further has averred the dates of the patents' expiration (facts of which the Court may take judicial notice) and that

Timex thereafter could not have had any reasonable belief that the '096, '964 and '688 Patents covered any of the products that Timex continued to mark.[9]

Timex argues that these facts are not legally sufficient to set forth actionable claims for violations of § 292(a).  *Id.*  Quite to the contrary, however, the Federal Court in *Clontech* held that deceptive intent may be inferred from just such facts.  Since *Clontech* teaches that proof of these ***facts*** is enough to establish a *prima facie* § 292(a) claim, averment of these facts is of course enough to survive a motion to dismiss.

The trouble with Timex's arguments is that they confuse pleadings with proofs.  Thus, Timex erroneously contends (at 18) that "Judge Rubreno's [*sic*] dismissal of a false marking act complaint in *Douglas v. Wal-Mart Stores, Inc.*, 2005 WL 323469 (E.D. Pa., November 30, 2005), is instructive."  But Judge Robreno did not dismiss the false marking act claim on a demurrer, but rather on a motion for summary judgment – and even then the dismissal was "without prejudice."

Dr. Hollander has pleaded both the elements of a § 292(a) claim and the facts necessary to support that claim.  Of course, Dr. Hollander eventually will be required to "show by a preponderance of the evidence that [Timex] did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent)."  *Clontech*, 406 F.3d at 1352-53.  By the same token, Timex's "mere assertion … that it did not intend to deceive will not suffice to escape statutory liability.  Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood."  *Id.*  The point, of course, is that Dr. Hollander's well-pleaded complaint amply satisfies the standards of the Rules of Civil Procedure.  Timex's motion therefore should be denied.

---

[9]  Surely, Timex is not contending that it is not chargeable with having knowledge of when the '096, '964 and '688 Patents expired, a fact that is disclosed on the cover of the patents themselves.

4.      **Dr. Hollander Does Not Seek The Imposition Of Fines For Markings Made prior to January 29, 2005**

Finally, Timex argues that, with respect to the '096 Patent that expired in 2004, no fine may be imposed for instances of false marking that took place more than five years before the filing of Dr. Hollander's Complaint on January 29, 2010.  While the statute of limitations may be best addressed in the context of Timex's affirmative defenses, Dr. Hollander does not contest that the statute of limitations insulates Timex from the imposition of fines for whatever articles it falsely marked prior to January 29, 2005.  Under *Forest Group*, however, Timex remains liable for any and all false markings made thereafter.


III.    **CONCLUSION**

Timex's facial challenges to Dr. Hollander's well-pleaded complaint are fatally flawed and contrary to controlling Federal Circuit and Supreme Court precedent, as demonstrated above. Timex's spurious challenge to Dr. Hollander's Article III standing is likewise bereft of merit. Timex's Motion to Dismiss should be denied.[10]


Respectfully submitted,
**COZEN & O'CONNOR**

By: ___/S/_____
Jacob C. Cohn
Ilan Rosenberg
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

*Counsel For Plaintiff/Relator*
*Bentley A. Hollander*

Dated: March 19, 2010.

_____

[10]  Dr. Hollander, of course, would request leave of Court to replead in the event the Court does not fully agree that the stated causes of action are legally cognizable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Relator/Plaintiff Bentley A. Hollander's Opposition to Defendant Timex Group USA, Inc.'s Motion to Dismiss was served this 19th day of March 2010, via the Court's electronic filing system upon the following:

Jay Christopher Rooney, Esquire
CARMODY & TORRANCE
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
203-777-5501

James K. Robertson, Jr., Esquire
Sarah S. Healey, Esquire
CARMODY & TORRANCE
50 Leavenworth St
Waterbury, CT 06702
203-777-5501

*Counsel For Defendant Timex Group USA, Inc.*

By: ___/S/_____

Ilan Rosenberg