IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BENTLEY A. HOLLANDER | : | CIVIL ACTION |
|  | : | No. 2:10-cv-00429 |
| Plaintiff/Relator, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| TIMEX GROUP USA, INC., f/k/a | : |  |
| TIMEX CORPORATION | : |  |
|  | : | April 21, 2010 |
| Defendant. | : |  |

### MEMORANDUM OF LAW IN SUPPORT OF
### TIMEX GROUP USA, INC'S MOTION TO STAY

## I.     INTRODUCTION:

Defendant Timex Group USA, Inc. ("Timex") hereby moves this Court for a stay of all proceedings in this case until the United States Court of Appeals for the Federal Circuit ("Federal Circuit") issues rulings in two pending appeals: Stauffer v. Brooks Bros., Appeal Nos. 2009-1428, 2009-1430, 2009-1452 ("Stauffer"), and Pequignot v. Solo Cup Co., Appeal No. 2009-1547 ("Pequignot"). It is appropriate to stay the proceedings in this action because the rulings in these cases are likely to resolve and/or clarify the principal legal issues in this case. Indeed, those anticipated rulings will result in the termination of this case.

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law     Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Specifically:

(1)     The anticipated decision in <u>Stauffer</u> will likely have a direct impact on the Court's consideration of whether the plaintiff/relator has standing to bring this action against Timex, even though he has not alleged a concrete injury-in fact; and

(2)     The anticipated decision in <u>Pequignot</u> will likely resolve and/or clarify at least two issues which are the focus of this litigation, i.e., 1) whether a product that is covered by the claims of an "expired" patent is "unpatented" for the purposes of 35 U.S.C. § 292, and 2) the relevant burden of proof on the element of intent to deceive with respect to "expired" patents.

These issues have become particularly significant in the wake of the Federal Circuit's recent decision, <u>Forest Group, Inc. v. Bon Tool Co.</u>, 590 F.3d 1295, 1302 (Fed. Cir. 2009), in which the Court held that a fine imposed pursuant to 35 U.S.C. § 292 should be calculated on a per article basis, thereby vastly increasing potential fines imposed against defendants. This potential for a large, windfall award has led to a large number of lawsuits being brought in a very short period of time by individuals who have not and, likely cannot, sufficiently allege any concrete injury-in-fact to any individual, entity, or sovereign. <u>See</u> McDonnell Boehnen Hulbert & Berghoff LLP, False Patent Marking Cases, http://www.falsemarking.net/date.html ("Download False Marking Resource Spreadsheet (XLS)" link) (last accessed April 14, 2010) Further, as a policy matter, businesses that create and sell high volume products and that have taken steps to protect their products with patents over the years should not be subject to this torrent of dubious litigation. This is particularly so where the allegations come

{W1812637}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

from experienced litigants, like Bentley A. Hollander ("Hollander"), who have experienced no injury whatsoever and who merely found a quick way to try to reap a financial gain by exploiting the holding of Forest Group.[1]

A decision on these important, and potentially dispositive, issues, will likely be decided before the end of 2010 and could be issued as soon as late spring or summer of this year. The Pequignot appeal has been fully briefed and the oral argument occurred on April 6, 2010; the Stauffer appeal has also been fully briefed, with only the relator's reply to the latest amici brief outstanding. Accordingly, the requested stay will not continue for an indefinite or indeterminate time period.

Furthermore, Hollander is *qui tam* relator seeking only a monetary recovery, half of which he must share with the United States. See 35 U.S.C. § 292(b). Other than a slight delay in obtaining such an award, if indeed, Hollander is entitled to one, Hollander can claim no legitimate prejudice as a result of the requested delay.

In short, the outcome of Stauffer and Pequignot will likely resolve, and at a minimum substantially shape, the material issues raised in this case. Further, the requested stay will likely have a relatively short duration that does not pose a legitimate harm to Hollander. Accordingly, Timex respectfully requests this Court to

---

[1] Hollander's other cases alleging violations of 35 U.S.C. § 292 include: Hollander v. Hospira, Inc., No. 2:10-cv-00235-JD; Hollander v. EUSA Pharma (USA), Inc., No. 2:10-cv-00492-LLD; Hollander v. Etymotic Research, Inc., No. 2:10-cv-00526-PBT; Hollander v. Ortho-McNeil-Janssen Pharm., Inc., No. 2:10-cv-00836-RB; Hollander v. B. Braun Medical, Inc., No. 5:10-cv-00835-MAM; and Hollander v. Ranbaxy Labs., Inc., 2:10-cv-00793-MMB. All of these cases are pending in the Eastern District of Pennsylvania U.S. District Court.

{W1812637}

3

CARMODY & TORRANCE LLP        50 Leavenworth Street
Attorneys at Law              Post Office Box 1110
                              Waterbury, CT 06721-1110
                              Telephone: 203 573-1200

stay this matter pending the Federal Circuit's resolution of both <u>Stauffer</u> and <u>Pequignot</u>.

## II.    STATEMENT OF RELEVANT FACTS

### A.    The Instant Case

Hollander filed this case on January 29, 2010.  The Complaint alleges "false patent marking" under 35 U.S.C. § 292, based on claims that Timex has marked certain products and/or instructional materials with expired patents.  (<u>See generally</u> Compl. ¶ 9-866).  Hollander also alleges that by engaging in this alleged false marking, "Timex has injured the sovereign interests of the United States of America as well as the public interest and has discouraged or deterred honest competition and innovation in competing products."  (<u>See, e.g.</u>, Compl. ¶ 36.)  Timex duly filed a motion to dismiss, raising the very issues now before the Federal Circuit.  Upon the denial of its motion to dismiss, Timex filed its Answer

In its Answer, Timex has asserted, in part, as affirmative defenses that (1) Hollander does not have standing to bring this claim against Timex and that this Court, therefore, lacks subject matter jurisdiction over his claims; (2) Hollander's complaint fails to state a claim upon which relief may be granted because marking with a patent whose term of enforceability has expired does not constitute a violation of 35 U.S.C. § 292; and (3) Timex has not falsely marked any watch for the purpose of deceiving the public and, therefore, has engaged in no conduct prohibited by, or in violation of 35

CARMODY & TORRANCE LLP
Attorneys at Law

4

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

U.S.C. § 292. (See Answer, Affirmative Defenses.) Further, of particular significance to this litigation is the relevant burden of proof on the element of intent to deceive that Hollander must meet in order to prove a violation of the false marking statute.

Simply put, the issues before this Court are also those that the Federal Circuit will soon decide in Stauffer and Pequignot. Therefore, for the reasons set forth below, this case should be stayed pending the Federal Circuit's resolution of Stauffer and Pequignot

### B.    The *Stauffer* Case.

In Stauffer, the United States District Court for the Southern District of New York dismissed the *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and conclusory allegations of harm. Stauffer, 615 F. Supp. 2d 248. The Stauffer relator alleged that Brooks Brothers falsely marked its bow ties with patents that had expired in order to deceive the public. He alleged that the defendants' conduct had "wrongfully quelled competition with respect to [the marked products] . . . thereby causing harm to the economy of the United States" and that the defendants had "wrongfully and illegally advertis[ed] patent monopolies that [defendants] do not possess" and had "benefited in at least maintaining their considerable market share . . . ." Stauffer 615 F. Supp. 2d at 252. Hollander's allegations of harm are quite similar to those alleged in Stauffer. (See, e.g., Compl. ¶ 36 "Timex has injured the sovereign interests of the United States of America as well

{W1812637}

CARMODY & TORRANCE LLP
Attorneys at Law

5

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

as the public interest and has discouraged or deterred honest competition and innovation in competing products." )

The district court held that Stauffer's "conclusory statements" were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." Id. at 255 (citations omitted). Specifically, the court emphasized "[t]hat some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendant's conduct, is purely speculative and plainly insufficient to support standing." Id.

Both Stauffer and the U.S. Government (who unsuccessfully tried to intervene in the case) have appealed the district court's decision. Those appeals and related cross-appeals have been consolidated. (See Appeal Nos. 2009-1428, 2009-1430, 2009-1453.) Briefing by the parties in these appeals is complete and, while the relator has yet to reply to the latest Amici Curiae brief, it is likely that the court will issue a decision before the end of 2010.

### C.    The *Pequignot* Case.

In Pequignot, the Federal Circuit will consider the application of the intent standard to expired patents, which the district court in that case noted was a question of first impression. Pequignot v. Solo Cup Co., 540 F.Supp.2d 649, 797 n.15 (E.D. Va. Mar. 24, 2009). In granting summary judgment for Solo Cup, the district court applied the standard found in Clontech Laboratories, Inc. v. Invitrogen Corp., noting that "no

{W1812637}
CARMODY & TORRANCE LLP
Attorneys at Law

6

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

court ha[d] addressed how the <u>Clontech</u> standard applies to allegations involving only expired patents <u>Id.</u> at 797. The standard found in <u>Clontech</u> and often cited by the *qui tam* relator is as follows:

> Intent to deceive is a state of mind arising when a party
> acts with sufficient knowledge that what it is saying is
> not so and consequently that the recipient of its saying
> will be misled into thinking that the statement is true. . .
> . Thus, "objective standards" control and "the *fact* of
> misrepresentation coupled with proof that the party
> making it had knowledge of its falsity is enough to
> warrant drawing the inference that there was a
> fraudulent intent". . . . . Thus, under such
> circumstances, the mere assertion by a party that it did
> not intend to deceive will not suffice to escape statutory
> liability. Such an assertion, standing alone, is worthless
> as proof of no intent to deceive where there is
> knowledge of falsehood.

<u>Clontech Labs. Inc., v. Invitrogen Corp.</u>, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (internal citations omitted). This standard has become the centerpiece of the *qui tam* plaintiff's case. *Qui tam* plaintiffs, like Hollander, cite to it to support their contention that they need only plead that a defendant marked an article with an expired patent number and had knowledge of the patent's expiration date, to successfully defeat a motion to dismiss. (<u>See</u> Pl.'s Opp. Mem. Mot. Dismiss at 15, Doc No. 12). Further, *qui tam* plaintiffs seeking fines from defendants who have allegedly marked their products with expired patents believe that it is this standard that will govern their case. Indeed, in his Opposition to Timex's Motion to Dismiss, Hollander asserted that "[o]f course, Dr. Hollander eventually will be required to 'show by a preponderance of the

{W1812637}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7

evidence that [Timex] did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent) . . . . By the same token, Timex's "mere assertion . . . that it did not intend to deceive will not suffice to escape statutory liability. Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood." (Pl.'s Opp. Mem. Mot. Dismiss at 16) (internal citations omitted). Obviously, Hollander intends to proceed with this case on the assumption that the standard found in Clontech applies here.

However, the Pequignot Court rejected that same argument, holding "that when, as here, the false markings at issue are expired patents that had previously covered the marked products, the Clontech presumption of intent to deceive is weaker, because the possibility of actual deceit, as well as the benefit to the false marker, are diminished." Pequignot, at 797-98.[2]

The Pequignot appeal may also resolve a second question of first impression, i.e., whether a product marked with an expired patent is an "unpatented article" for the purposes of 35 U.S.C. § 292. In its brief before the Court, Solo Cup explicitly challenges the district court's earlier ruling in which it determined that marking a

---

[2] During oral argument in Pequignot, in response to Pequignot's assertion that intent to deceive is proven by knowledge of expiration and intentional marking, the court repeatedly indicated that 35 U.S.C. § 292 is a criminal statute requiring specific intent and that the burden of proving specific intent was a high one. The court repeatedly asked Pequignot if he had any proof of intent to deceive beyond knowledge of intentional marking with an expired patent. See United States Court of Appeals for the Federal Circuit Website, Oral Arguments Audio,
http://oralarguments.cafc.uscourts.gov/searchscript.asp (search for "2009-1547" in "Case Number" field then click link returned to bottom of the page, "2009-1547.mp3")

8

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

product with an expired patent can violate 35 U.S.C. § 292. See Brief of Appellee, *available at*, 2010 WL 173960.

In short, the anticipated decision in Pequignot will likely clarify at least two issues that will be significant in this litigation: whether a product marked with expired patents is considered "unpatented" under 35 U.S.C. § 292, and the relevant burden of proof on the element of intent to deceive with respect to expired patents.

## IV.    ARGUMENT

### A.    Legal Standard.

"A United States district court has broad power to stay proceedings." Bechtel Corp. v. Local 215, Laborer's Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3rd Cir. 1976). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).

"In determining whether to stay an action, a court must weigh the competing interests of the parties, as well as the possibility that a stay would harm one of the parties." Dimensional Music Publ'g, LLC v. Kersey ex rel. Estate of Kersey, 448 F. Supp. 2d 643, 655 (E.D. Pa. 2006). Furthermore, the court should consider "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties and the length of the requested stay." Glades Pharms., LLC v. Call, Inc., No.

{W1812637}
CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

9

Civ.A. 04-4259, 2005 WL 563726 at *8 (E.D. Pa. Mar. 9, 2005) quoting Landis v. N. Am. Co., 299 U.S. at 254 (internal quotation marks omitted).

Finally, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Dimensional Music Publ'g, 448 F. Supp. 2d at 656 quoting Bechtel Corp., 544 F.2d at 1215.

**B.      Hollander's Action Should be Stayed Because The Rulings in *Stauffer* and *Pequignot* will Largely Shape the Proceedings before this Court, a Stay will Promote Judicial Economy, Simplify the Issues before this Court and Presents No Prejudice to Hollander.**

As set forth in detail below, the factors to be considered in deciding whether to order a stay weigh substantially in favor of staying this case. Many district courts facing the same issues, have either granted motions to stay, or have stayed the litigation *sua sponte*, until the Federal Circuit issues its decisions in Stauffer and/or Pequignot. See, e.g., Pub. Patent Found., Inc. v. Glaxosmithkline Consumer Healthcare, L.P., No. 09 Civ. 05881, slip op. (S.D.N.Y. Feb. 17, 2010) (court stayed case *sua sponte* "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in Stauffer v. Brooks Bros. Inc., No. 08 Civ. 10369 (S.D.N.Y. May 14, 2009)) (attached hereto as Exhibit A); Pequignot v. Gillette Co., No. 2:08-cv-222, slip op. (E.D. Tex. Sept. 18, 2009) (staying false marking case pending *Pequignot* decision) (attached hereto as Exhibit B); U.S. ex rel. Heathcote

{W1812637}
CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

10

Holdings Corp. v. Church & Dwight Cor., Inc., No. 2:08-cv-349, slip op. (E.D. Tex.

Oct. 5, 2009) (same) (attached hereto as Exhibit C). This Court should do the same.

> i.      The resolution of the *Stauffer* and/or *Pequignot* cases is likely to be dispositive of at least one issue in the instant action.

This Court should stay this action because key issues before it are also being

examined by the Federal Circuit for the first time. First, Timex has alleged in its first

affirmative defense that this Court lacks jurisdiction because Hollander has not alleged

any concrete injury-in-fact and, therefore, lacks standing. (Answer, First Affirmative

Defense). More specifically, Hollander fails to demonstrate any of the three

prerequisites for Article III standing:

> [A] plaintiff must meet three requirements in order to establish Article III standing. First, he must demonstrate "injury in fact" – a harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." Second, he must establish causation – a "fairly . . . trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant. And third, he must demonstrate redressability-a "substantial likelihood" that the requested relief will remedy the alleged injury in fact. These requirements together constitute the "irreducible constitutional minimum" of standing, which is an "essential and unchanging part" of Article III's case-or-controversy requirement . . . .

Vt. Agency of Natural Res. V. United States ex rel. Stevens, 529 U.S. 765, 771 (2000)

(citations omitted).

The decision in Stauffer will resolve this issue. If the Federal Circuit affirms

the District Court for the Southern District of New York's decision in Stauffer, by

holding that an injury-in-fact is required under 35 U.S.C. § 292, then Hollander's case

{W1812637}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
   Waterbury, CT 06721-1110
   Telephone: 203 573-1200

11

must be dismissed because he does not and cannot allege a cognizable injury-in-fact and, therefore, does not have standing to bring the claims before this Court. See Vt. Agency, 529 U.S. at 771.

Second, Timex has alleged in its second affirmative defense that marking a product with an expired patent is not false patent marking under 35 U.S.C. § 292. (Answer, Second Affirmative Defense) This issue will likely be addressed in the Federal Circuit's decision in Pequignot. If the Federal Circuit holds that marking with an expired patent cannot constitute false marking, Hollander's claim will fail and he will not be able to pursue the instant action.

As the issues in Stauffer and/or Pequignot are likely to be dispositive of this case, this Court should stay this case pending the Federal Circuit's resolution of these two appeals. See Bechtel Corp., 544 F.2d at 1215; Dimensional Music Publ'g, 448 F. Supp. 2d at 655-56.

        ii.        Even if the decision in *Pequinot* is not dispositive of the issues before this Court, its outcome of will substantially affect this case by setting the standard for the intent to deceive requirement.

Even if the decisions in Stauffer or Pequignot are not dispositive of this case, the decision in Pequignot will, nevertheless, provide the Court and the parties with valuable guidance with regard to:

(1)     what the "intent to deceive the public" element of 35 U.S.C. § 292 requires the plaintiff to show, i.e., whether 35 U.S.C. § 292 requires a showing of a specific, criminal intent;

{W1812637}

CARMODY & TORRANCE LLP
Attorneys at Law

12

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

(2)     whether knowledge of a patent's expiration and intentional marking
        with that patent number satisfies the requirements of the "intent to
        deceive the public" element of 35 U.S.C. § 292; and

(3)     what the plaintiff's burden of proof is, i.e., whether the plaintiff must
        prove its case beyond a reasonable doubt, with clear and convincing
        evidence, or by a preponderance of the evidence.

The answers to all of these issues will have a significant effect on the standard of

proof in this case and, therefore, will have a significant effect on the discovery

proceedings, motions for summary judgment, and further proceedings in this case.

Indeed, in his Opposition to Timex's Motion to Dismiss, Hollander cited to the

standard found in Clontech as the appropriate standard to be applied to this action. As

noted above, it is obvious that Hollander intends to proceed with this case on the

assumption that the standard found in Clontech applies here. Yet, the appropriateness

of this standard as applied to this type of case, is exactly what the Federal Circuit in

Pequignot considering.  It, therefore, follows that the best course of action would not

be to invest a lot of time and resources into this case[3] before knowing what facts

Hollander actually needs to prove and what his burden of proof is. Accordingly,

staying this case until the Federal Circuit offers clarity on these issues will avoid

wasting this Court's time adjudicating issues that will likely be resolved, if not made

crystal clear, by the Federal Circuit. See Dimensional Music Publ'g, 448 F. Supp. 2d

at 656 (staying case pending outcome of other case because outcome of other case

---

[3] Hollander has filed expansive interrogatories and requests for production regarding hundreds of Timex
products, as well as policies and procedures relating to patent marking, protection and enforcement,
patent enforcement actions, and manufacturing costs-discovery which is enormously burdensome to
Timex.

would effect the extent of the discovery required in plaintiff's case); Glades Pharms.,
LLC v. Call, Inc., No. Civ.A. 04-4259, 2005 WL 563726 at *8 (departing from first
filed rule and staying case pending outcome of other case with same issues to save
judicial resources and to prevent what may turn out to be unnecessary discovery); see
also Arco Polymers, Inc. v. Studiengesellschaft Kohle, 710 F.2d 798, 799 (Fed. Cir.
1983) (suspending proceedings pending the decision in another case that would be
dispositive of the instant case).  Because the Pequignot decision will provide
significant guidance on how discovery, summary judgment, and trial, etc. should
proceed in this matter, this Court should stay all proceedings before it, until these
important issues are resolved by the Federal Circuit.

> iii.    Hollander will not be harmed by a stay as he is not seeking
> redress for any injury to himself and the length of the stay will
> likely less than one year.

Finally, any prejudice Hollander may suffer as a result of a stay of this case is
clearly outweighed by the interests of justice and judicial economy that will be
furthered by such a stay.

First, Hollander is prosecuting this action in the hope of receiving a windfall
award.  He has no personal interest in the case as he has not alleged any injury to
himself.  The only way in which a stay could possibly impact Hollander is by delaying
any return on his investment — the resources Hollander has expended on litigating this
case thus far, which, depending on his fee arrangement with his attorney, could be
nothing.  Further, as Hollander has not alleged any concrete injury to the United States

{W1812637}
CARMODY & TORRANCE LLP
Attorneys at Law

30 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

14

or to the public interest, no other person or entity can be harmed by this case being stayed. Moreover, to ask Timex to invest a lot of time and resources in complying with burdensome discovery and in defending this case when it may be dismissed, or at least substantially streamlined, after the Stauffer and Pequignot decisions are issued, is more harmful to Timex than asking Hollander to wait short period of time for the Federal Circuit to resolve the issues which will significantly impact the proceedings in this action.

Second, Timex seeks a stay of a relatively short duration. Decisions in Stauffer and Pequignot are likely to be issued before the end of 2010. Therefore, the stay will last for a finite and determinate length, likely measured in months. Staying this case for a short period of time until the Federal Circuit provides guidance on the issues discussed above will avoid the risk of inconsistent decisions and prevent the considerable waste of the Court's and the parties' resources caused by additional proceedings, which may be completely unnecessary, or which would necessarily benefit from the Federal Circuits guidance.

Third, this case should be stayed because to do otherwise would place the interests of a professional relator —who most likely looks upon the use of the federal judicial system to prosecute this litigation as an investment opportunity—above the interests of justice in seeing a fair, accurate, and efficient resolution of this matter. The stay cannot harm Hollander or the United States or any constituent thereof; therefore, in light of the other factors, which countenance a stay, this Court should stay

{W1812637}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

15

this case. See Dimensional Music Publ'g, 448 F. Supp. 2d at 655-56; Glades Pharms., LLC v. Call, Inc., No. Civ.A. 04-4259, 2005 WL 563726 at *8 ("stay will minimize the potential harm to both parties by preventing unnecessary discovery while inflicting only a minimal amount of harm on [plaintiff].")

Accordingly, a stay will promote judicial economy and it is in the best interest of all parties and the court because the decisions in Stauffer and Pequignot will at the very least simplify the issues before this Court.

## V.    CONCLUSION

For the reasons stated above, Timex Group USA, Inc. requests that this Court grant Timex's motion to stay these proceedings pending the Federal Circuit's resolution of the appeals in both Stauffer v. Brooks Brothers, Appeal No. 2009-1428 and Pequignot v. Solo Cup, Appeal No. 2009-1547, and award such other and further relief as this Court deems appropriate.

THE DEFENDANT,
TIMEX GROUP USA, INC.,
f/k/a
TIMEX CORPORATION

James K. Robertson (ct#05301)
J. Christopher Rooney
(pa#42225)
Carmody & Torrance, LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Telephone (203) 573-1200

{W1812637}
CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law                        Post Office Box 1110
                                                   Waterbury, CT 06721-1110
                                                   Telephone: 203 573-1200

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2010, a copy of the foregoing **Defendant's**

**Memorandum of Law in Support of its Motion to Stay** was filed electronically and

served by mail on all counsel and pro se parties unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system and by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the

Court's CM/ECF System.

     Jacob C. Cohn
     Ilan Rosenberg
     Cozen O'Connor
     1900 Market Street
     Philadelphia , PA 19103

     *Counsel for Plaintiff*

     James K. Robertson (ct#05301)
     J. Christopher Rooney
     (pa#42225)
     Carmody & Torrance, LLP
     50 Leavenworth Street
     P.O. Box 1110
     Waterbury, CT  06721-1110
     Telephone (203) 573-1200

{W1812637}
CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

17

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
PUBLIC PATENT FOUNDATION, INC.,          :
                                         :
                         Plaintiff,      :          09 Civ. 5881 (RMB)
                                         :
        - against -                      :          **ORDER**
                                         :
GLAXOSMITHKLINE CONSUMER                  :
HEALTHCARE, L.P.,                         :
                                         :
                         Defendant.      :
--------------------------------------------------------------X

In light of the appeal currently pending in the Court of Appeals for the Federal Circuit

of an order issued in Stauffer v. Brooks Bros. Inc., No. 08 Civ. 10369 (S.D.N.Y. May 14,

2009), which raises same legal question that is currently pending here, (see Def. Mem. of

Law in Support of Mot. to Dismiss, dated Sept. 30, 2009, at 1 ("With no allegation of injury,

the 'hard floor' of Article III standing is absent and there is no subject matter jurisdiction.");

Pl. Mem. in Opp'n of Mot. to Dismiss, dated Oct. 28, 2009, at 5 ("the sovereign interest of

the United States . . . provides PubPat with standing to bring this qui tam action"); Mem. of

Law of the U.S. as Intervenor Defending the Constitutionality of 35 U.S.C. § 292, dated Nov.

30, 2009, at 9 ("Stauffer was wrongly decided.")), it is hereby

**ORDERED**, that the above-captioned action is stayed and placed on the Court's

suspense docket pending resolution of Stauffer by the Federal Circuit, see Veto Pro Pac, LLC

v. Custom Leathercraft Mfg. Co., Inc., No. 08 Civ. 302, 2009 WL 276369, at *2, and it is

further

**ORDERED**, that the parties are directed to advise the Court of the outcome in

Stauffer.

Dated: New York, New York
       February 17, 2010

                                              RICHARD M. BERMAN, U.S.D.J.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. | § | |
| | § | |
| MATTHEW A. PEQUIGNOT, | § | |
| | § | |
| Relator, | § | |
| | § | |
| v. | § | Civil Action No. 2:08-CV-222 |
| | § | |
| THE GILLETTE COMPANY AND THE | § | |
| PROCTER & GAMBLE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING JOINT MOTION TO STAY

CAME IT TO BE HEARD this day Relator Matthew A. Pequignot and Defendants The Gillette Company and The Procter & Gamble Company's Joint Motion To Stay. This Court, having considered the motion finds that it is well taken and should be GRANTED.

IT IS ORDERED that this case is stayed until the United States Court of Appeals for the Federal Circuit decides the appeal from the district court's judgment entered on August 26, 2009, in *Matthew A. Pequignot v. Solo Cup Company*, Case No. 1:07-cv-897 (E.D. Va.) or the appeal to the Federal Circuit is otherwise resolved or terminated. IT IS FURTHER ORDERED that notwithstanding the foregoing, either party may provide notice to the Court that the stay shall be terminated before the appeal in *Solo Cup* is decided or otherwise resolved or terminated. In the event that such notice is filed with the Court, the stay will be lifted in 60 days, unless the other party moves the Court in that period for an order continuing the stay.

SIGNED this 17th day of September, 2009.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

2349372.1

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES ex rel. | § |
| | § |
| HEATHCOTE HOLDINGS CORP., INC., | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 2:08-cv-00349-TJW |
| v. | § |
| | § |
| CHURCH & DWIGHT CO., INC., | § |
| | § |
| Defendant. | § |

## ORDER GRANTING JOINT MOTION TO STAY

CAME IT TO BE HEARD this day Relator Heathcote Holdings Corp., Inc. and Defendant Church & Dwight Co., Inc. Company's Joint Motion To Stay Proceedings. This Court, having considered the motion finds that it is well taken and should be GRANTED.

IT IS ORDERED that this case is stayed until the United States Court of Appeals for the Federal Circuit decides the appeal from the district court's judgment entered on August 26, 2009, in *Matthew A. Pequignot v. Solo Cup Company*, Case No. 1:07-cv-897 (E.D. Va.) or the appeal to the Federal Circuit is otherwise resolved or terminated. IT IS FURTHER ORDERED that notwithstanding the foregoing, either party may provide notice to the Court that the stay shall be terminated before the appeal in *Pequignot v. Solo Cup* is decided or otherwise resolved or terminated. In the event that such notice is filed with the Court, the stay will be lifted in 60 days, unless the other party moves the Court in that period for an order continuing the stay.

SIGNED this 5th day of October, 2009.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE